JOHN R. LESLIE *et al.*

*v.*

GUSTAV FISCHER, for use, etc.

1. APPEARANCE—*by attorney, presumption.* When an attorney enters the appearance of a party to a suit, it will be presumed that he had authority; but the presumption is not conclusive, and may be rebutted if done in apt time.

2. SAME.—The practice does not require a written retainer, and, as it would be a breach of professional duty in an attorney to enter an appearance without authority, until overcome by proof, it will be presumed that it was proper and authorized.

3. SAME—*vacation of judgment.* In a suit against several where it appeared that the attorney for the defendant served with process, entered the appearance of the other defendants not served, without any authority whatever, and where such defendants, at the same term, after judgment against them appeared and asked to have the judgment against them set aside, and a new trial granted, and showed a valid defense: *Held*, that it was error to refuse the motion.

4. It is a principle that lies at the foundation of the administration of justice in all courts and tribunals, that a party to be concluded must be afforded an opportunity of being heard.

5. POWER OF COURT *over record.* During the term the record of the court may be altered, changed, or amended as justice may require; and the court may vacate a judgment, and let in parties not served to defend.

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

The opinion states the case.

Messrs. HARDY & HERRICK, for the appellants.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE. WALKER delivered the opinion of the Court:

This was an action of debt brought by Fischer for the use of Fritz, on a bond given by Leslie and the other defendants on the appointment of Leslie as deputy sheriff of Cook County. The breach assigned was a failure to pay over moneys collected on an execution in favor of Fritz. The case was tried by the court and a jury, when a verdict was found in favor of plaintiff for debt $10,000, and damages $804, for which judgment was rendered, the debt to be satisfied by the payment of the damages. A motion was entered to set aside the judgment, and for a new trial, upon the ground, amongst others, that defendants Leslie, Dewey, and Farrier, had not been served with process, and that they had not authorized any person to enter their appearance. The motion was overruled, and the defendants bring the record to this court and ask a reversal.

When an attorney enters the appearance of a party to a suit, it will be presumed that he had authority. But the presumption is liable to be rebutted if done in apt time. It is not conclusive, but may be overcome by proper testimony. The practice does not require a written retainer, and as it would be a breach of professional duty in an attorney to enter an appearance without authority, until overcome by proof, we must presume that it was proper and authorized. But in this case there was a number of affidavits filed and witnesses examined to disprove authority given, and to prove that the attorney who filed the plea acted within the scope of his authority. Leslie swears he was never served with process, and had no knowledge that such a suit had been brought, until the cause was actually called for trial and the jury was impaneled ; that he never employed Hooper, or any member of his firm ; that he never authorized them to file pleas for him, and did not know such pleas had been filed, until the cause was called for trial ; that he

never authorized any person to employ counsel for him, and the filing of the pleas was wholly unauthorized by him. Dewey testifies to the same, and so does Farrier. They all state that they have a valid defense, and Leslie states facts in detail, which, if true, constitute a complete bar to the action.

There is no pretense that these three defendants were served with process, and it is not even claimed that Leslie ever had any notice of the pendency of the suit. If he had not, he could not have recognized Hooper as his attorney, or ratified his filing of the pleas. As to whether Dewey and Farrier ratified Hooper's employment by Lipe, the evidence is not harmonious, but they both positively deny that they ever recognized such retainer. In the light of all the evidence, we are inclined to the belief that they did not authorize or ratify the entry of their appearance. Knowing they had not been served with process, they could not have believed, as they had no right to suspect, that any attorney would enter their appearance without being specially authorized. They had not authorized Hooper to do so, nor does he pretend they did. It appears that Dewey and Farrier knew the suit was pending, and the evidence tends to show they either contributed, or promised to contribute, to pay Hooper's fee. But no one pretends that they knew that their appearance had been entered. The reasonable presumption is, that as they had not been served, if they gave any thing, or promised to do so, it was because Lipe and others, who were their co-obligors, had been served, and they felt it was but just that they should assist them in their defense.

The whole testimony being considered, we are clearly of opinion that Leslie, Dewey, and Farrier, nor either of them, authorized their appearance to be entered, or authorized Lipe or any other person to have it done. It is a principle that lies at the foundation of the administration of justice in all courts and tribunals, that a party to be concluded must be afforded the means of being heard. Other-

wise wrong and the grossest injustice and oppression must ensue. The record was still before the court, it being at the same term, and subject to be altered, changed, or amended as justice might require. During the term, the court had the power to vacate the judgment, and to let in the parties not served to defend; and we are clearly of opinion that the evidence heard on the motion not only justified but required that such an order should be made, and it was error to refuse it. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*