Emma Jamieson, Plaintiff-Appellant, v. Wallace V. Jamieson, Defendant-Appellee.

Gen. No. 10,999.

Second District.

August 22, 1957.

Released for publication September 9, 1957.

Winstein & Rimmerman, and Dale Ferguson, both of Rock Island, for plaintiff-appellant.

Andrew Kopp, of Moline, for defendant-appellant.

JUSTICE CROW delivered the opinion of the court.

Emma Jamieson, plaintiff below and appellant here, filed her complaint for divorce in the Circuit Court of Rock Island county. The defendant below and appellee here, Wallace V. Jamieson, moved to dismiss the complaint on the grounds that appellant had as a matter of law participated in a prior divorce proceeding between the same parties in the state of Arkansas. The trial court granted the motion and dismissed the complaint.

Appellant contends that she did not participate in the trial of the Arkansas divorce and that consequently the Circuit Court of Illinois is not precluded from examining into the jurisdiction of the Arkansas Court in

entering its decree and therefore the Circuit Court of Rock Island county erred in dismissing the complaint without hearing evidence as to the defendant's good faith in establishing a residence in Arkansas for the purpose of obtaining a divorce.

Appellee's theory of the case is that appellant participated in the divorce proceedings in Arkansas and was accorded full opportunity to contest the jurisdictional issues in that case; that the Arkansas decree for divorce is not susceptible to collateral attack in Arkansas; and consequently no collateral attack can be made in Illinois on that divorce decree.

An examination of the record discloses that Mrs. Jamieson procured a decree of separate maintenance from Mr. Jamieson in the Circuit Court of Rock Island county, on January 6, 1949. On May 2, 1952 Mr. Jamieson filed a suit for divorce from Mrs. Jamieson in Independence county, Arkansas. In the complaint Mr. Jamieson alleged that he moved to Independence county, Arkansas, on February 20, 1952 ". . . with the intent then and there of becoming a bona fide resident of Independence county, Arkansas, and has since that date been domiciled in Independence county, Arkansas, having rented a home there and having secured employment in said county and has lived in said county continuously since removing here from Rock Island county, Illinois" and that appellant, Mrs. Jamieson, was a non-resident.

The Chancery Court of Independence county, Arkansas, in accordance with the procedure of that forum, appointed an attorney, Caldwell T. Bennett, to represent the non-resident, Mrs. Jamieson. On May 3, 1952 Bennett wrote Mrs. Jamieson advising her that Mr. Jamieson had commenced the divorce proceeding in Arkansas, gave her data from the complaint, stated he had been appointed attorney ad litem to represent her and that the cause should come on for determina-

236

tion on June 3, 1952. With such letter Bennett enclosed a copy of the complaint for divorce.

Mrs. Jamieson engaged Illinois counsel and on May 24, 1952 her Illinois attorneys replied to the letter of the Arkansas attorney stating that Mrs. Jamieson definitely desired to resist the suit for divorce, enclosing a copy of the earlier separate maintenance decree in the suit between the parties in Rock Island county, Illinois. The letter suggested the separate maintenance decree as a defense; that additional time to plead be obtained; requested Bennett to advise what facts or information be needed to resist the suit; stated that if Bennett deemed it advisable perhaps Mrs. Jamieson and Illinois Counsel could meet with Bennett in Arkansas for the hearing or a preliminary conference; the fee for Bennett was mentioned; and the letter concluded by inviting negotiations for the settlement of the dispute between the parties by a suitable property division.

The pleadings and exhibits in the instant case contain no further communications from Bennett but two additional letters addressed to him by Mrs. Jamieson's Illinois Counsel were introduced. These contain counter settlement proposals and have no further reference to the merits of the Arkansas action for divorce except that in one it is stated that Mrs. Jamieson preferred to procure the divorce in Illinois.

On September 8, 1952 Bennett filed a response in the action for divorce stating he had advised Mrs. Jamieson of the action; had received a letter from her Illinois attorneys advising that they wished to resist the action; that he had received the decree for separate maintenance entered in the Illinois court; that he had received additional letters which he attached as exhibits; that he had been advised of no defense Mrs. Jamieson had to the action; that he knew of no defense; but denied each allegation in the complaint.

237

Mr. Jamieson secured a decree of divorce in the Chancery Court of Independence county, Arkansas on September 8, 1952. No appeal was taken from the decree of divorce. On April 27, 1953 appellant, Mrs. Jamieson, filed her verified motion in the Arkansas Court to vacate the said decree for divorce. In the motion to vacate she urged that Mr. Jamieson was not a bona fide citizen and resident of Arkansas at the time of the filing of his petition nor at the time of the rendition of the decree for divorce. On December 1, 1953 the motion to vacate the divorce decree was dismissed by the trial court. The order of dismissal recites "the defendant appearing by her attorney, C. T. Bennett."

On the same day, December 1, 1953, notice of appeal was filed in the Arkansas Court by Bennett and appeal perfected by him as attorney for Mrs. Jamieson. The opinion of the Arkansas Supreme Court was delivered on June 14, 1954, 223 Ark. 845, 268 S.W.2d 881, wherein the decree of the lower Arkansas Court dismissing the motion to vacate was affirmed.

On July 13, 1955 appellant filed the instant action for divorce on the grounds of desertion in the Circuit Court of Rock Island county, securing personal service on appellee in said county. On August 13, 1955, appellee filed a motion to strike appellant's action for divorce setting up among other things that the Illinois Court lacked jurisdiction in that the same parties were divorced by the Arkansas decree of 1952, in which action appellant appeared by counsel. Appellee's motion to dismiss was supported by his affidavit and thirteen exhibits.

On February 28, 1956 appellant filed a countermotion to dismiss appellees motion to strike the complaint, alleging among other things that appellee was never a bona-fide resident of Arkansas as shown by the pleadings. At a hearing on both motions the Cir-

238

cuit Court of Rock Island county sustained appellee's motion to strike the complaint upon the sole ground that appellant as a matter of law had participated in the trial of the Arkansas action.

Appeal from that decision is had to this court. The present matter at bar is a collateral attack on the Arkansas decree. A direct attack would be an appeal in Arkansas from the decree of divorce.

■ ■ It is essential to the recognition of a decree of divorce of one state or foreign country in another state that the court rendering the decree shall have jurisdiction of the parties and the subject matter. Jurisdiction of the defendant must be acquired in some way. There must be notice to the defendant either by service of process or, if the defendant is a non-resident, by such publication or other constructive notice as is required by the laws of the state.

■ It is a general principle that the jurisdiction of the court rendering a judgment or decree is always open to inquiry when recognition of such judgment or decree is sought in another state. This principle is applicable where the decree in question is a divorce decree, in which case absence of jurisdiction may be shown even in contradiction of the record. A frequent ground of attack in questioning jurisdiction is, as in the instant case, the residence of the plaintiff.

■ ■ Jurisdiction over the subject matter of divorce rests upon domicile or at least residence animo manevdi of at least one of the parties; and it is established by the great weight of authority that notwithstanding the full faith and credit provision of the Federal Constitution, a decree for divorce may be impeached and denied recognition in another state upon the ground that neither of the parties had such domicile or residence at the divorce forum, in spite of recitals in the decrees or record from the other state of the jurisdictional fact of residence.

239

■ However, where a bona fide domicile has been acquired in a state by either of the parties to a marriage and a suit is brought by the domiciled party in such state for divorce, the courts of that state, if they acquire personal jurisdiction also of the other party, have authority to enter a decree of divorce entitled to be enforced in every state under the full faith and credit clause. An action, brought for a divorce in a state where the plaintiff resides and in which the defendant appears and defends, is binding and conclusive everywhere as to the marital status.

■ ■ If the defendant in a divorce proceeding actually contests the issue of domicile or participates to the extent that there is an opportunity to contest the allegation of domicile, the decree of the foreign court becomes final and the issue of domicile is no longer open to attack: Sherrer v. Sherrer, 334 U. S. 343; Coe v. Coe, 334 U. S. 378; Davis v. Davis, 305 U. S. 32; In re Day, 7 Ill.2d 348. Since the procedure of the Arkansas court in appointing the resident attorney could not of itself bring Mrs. Jamieson within the personal jurisdiction of the Arkansas Court, the court appointed attorney could not in point of fact become Mrs. Jamieson's attorney unless she by some affirmative action manifested an intent to be so personally represented by that attorney and thus voluntarily submitted to the jurisdiction of the Arkansas Court.

■ Considering the correspondence in the record here between Illinois counsel for Mrs. Jamieson and Bennett; the reference to fee and payment thereof; the obtaining of further time to plead; the filing of the answer about a month after the date originally set for hearing; the divorce decree containing a recital regarding the prior Illinois separate maintenance decree; suggestions regarding property settlement; Bennett's cross-examination of witnesses in the trial court, —those leave no other conclusions but that Bennett

240

was employed to and did represent Mrs. Jamieson in the Arkansas divorce proceedings. A careful consideration of the whole record indicates that Mrs. Jamieson participated in the Arkansas divorce proceedings and not only was accorded full opportunity to contest the jurisdictional issue but actually did so.

The Arkansas decree recites that Mr. Jamieson was and had been a bona fide resident of and domiciliary of Arkansas for the prescribed period of time.

The question of Mr. Jamieson's residence in Arkansas was a question of fact raised by his complaint. Mrs. Jamieson had notice of the pendency of the suit and submitted herself to the jurisdiction of that court through her own attorney. She had a right to present proofs upon that issue of fact. She was not present at the hearing but that was not due to any fraud on the part of Mr. Jamieson. He was guilty of no fraud that deprived her of an opportunity to be heard on all issues of Mr. Jamieson's residence; her attorney cross-examined Mr. Jamieson on this point; the Arkansas court determined the cause upon the evidence and entered a decree of divorce accordingly.

 There is no suggestion in the record or briefs that under the law of Arkansas the divorce decree could there be successfully subjected to the present type of collateral attack. In the absence of a contrary showing it will be presumed that the law in a foreign state is the same as in Illinois and in this state a divorce decree showing on its face the required period of residence upon the part of the plaintiff cannot be collaterally attacked where the defendant appeared in the divorce suit and either had an opportunity to be heard or was heard on the issue. Thus, no matter what may have been the actual facts as to Mr. Jamieson's domicile in Arkansas, the appearance and participation by both parties in that suit precludes

further inquiry elsewhere. The Arkansas decree for divorce is entitled to full faith and credit in this state.

We find no error in the order of dismissal of the Circuit Court, and the same is affirmed.

Affirmed.

DOVE, P. J., concurs.