**Patricia A. Hannah, Plaintiff-Appellee, v. Vinton A. Hannah, Defendant-Appellant.**

Gen. No. 67–91.

Third District.

May 3, 1968.

Winstein & Kavensky, of Rock Island, for appellant.

H. Moss Meersman, of Moline, for appellee.

CULBERTSON, J.

On July 19, 1967, a decree was entered by the Circuit Court of Rock Island County granting the plaintiff, Patricia A. Hannah, a divorce from Vinton A. Hannah, defendant, on the ground of extreme and repeated cruelty. Five days later defendant filed a motion to vacate the decree, alleging that the attorney who had purported to represent him was without authority to do so, and he here appeals from the order denying such motion. No charges of fraud or collusion are made.

It appears that the parties, in contemplation of a divorce action, entered into an agreement on July 13, 1967, wherein property rights were settled, alimony was waived

---

by plaintiff, and the custody, support and visitation rights with respect to two minor children were fixed. In addition, plaintiff agreed to pay all attorney fees and court costs and "to save defendant harmless from any and all liability for same." On the same date, defendant signed, acknowledged and left in the possession of his wife's attorney, H. M. Meersman, the following typed instrument (omitting the caption of the case) :

"APPEARANCE AND CONSENT FOR IMMEDIATE HEARING

"I, Vinton A. Hannah, Defendant in the above-entitled cause, hereby waive service of process and enter my full appearance to the court and consent to the jurisdiction of the Court and to an immediate hearing in said cause, and further waive all rights which I now have or may hereafter acquire under the Soldier's and Sailor's Civil Relief Act and amendments thereto, and further consent that any and all orders may be entered and proceedings had herein as fully and with the same force and effect as though I had been duly and regularly served with process of summons, and I hereby appoint as my solicitor and attorney to represent me in said cause and to file an Answer and such other pleadings as he may consider necessary in my interest."

Six days later Meersman filed a divorce complaint and asked attorney James DeWulf, whom he encountered in the clerk's office, to accommodate him in a divorce matter. When DeWulf acquiesced, his name was printed with ink in the appearance and consent and he also examined and signed an answer that had been prepared by Meersman. This answer denied the allegations that plaintiff had conducted herself as a true and affectionate wife, and also denied the allegations of extreme and repeated cruelty. Allegations of the complaint that were

admitted for the most part, conformed to matters defendant had agreed to in the property settlement. There was an immediate hearing at which the plaintiff was the sole witness, and during which she was cross-examined briefly by DeWulf. The pretrial agreement of the parties was also introduced into evidence and was incorporated into the ensuing divorce decree. At the hearing on defendant's motion to vacate, DeWulf testified that he had not known, or talked to, defendant prior to the divorce proceeding.

 At the outset it should be noted that this is not a case where the court acquired jurisdiction over the person of defendant by virtue of the general appearance of an attorney authorized to represent him. (See: Jamieson v. Jamieson, 14 Ill App2d 233, 144 NE2d 540; In re Village of Harvester, 37 Ill App2d 255, 185 NE2d 369; Smith v. Hickey, 188 Ore 539, 216 P2d 268; Cf. Geiermann v. Geiermann, 12 Ill App2d 484, 139 NE2d 838.) Rather, the instrument defendant executed was itself a waiver of process and the entry of his appearance before the court which, when signed by defendant and filed, was sufficient to invest the court with jurisdiction over the defendant's person. (Vayette v. Myers, 303 Ill 562, 136 NE 467; Jennings v. Jennings, 337 Ill App 647, 86 NE2d 287; 24 Am Jur2d, Divorce and Separation, § 292.) The question here is whether, as defendant claims, DeWulf lacked authority to represent him, and that as a consequence defendant did not participate in the divorce proceeding and is therefore not bound by the decree.

 Although at first blush defendant's contention and argument are not without some surface appeal, a closer inspection casts him in the role of one asking a court of equity to reward him for circumstances of his own creation. It may be agreed that no person has the right to appear as attorney for another without the latter's authority. (Haring v. Godbersen, 13 Ill App2d 95, 141 NE2d 90.) However, as pointed out in 7 Am Jur2d,

Attorneys at Law, § 112: "The authority may be express or implied, and the authority may be given by an agent of the party for whom the appearance is made." The inescapable conclusion to be reached from the record of the instant case is that DeWulf had implied authority to represent defendant for the reason that defendant knowingly, deliberately and for his own benefit, made Meersman his agent to transmit such authority. Whether the latter should have accepted such agency is not an issue in this case. The instrument executed by defendant was couched in plain and unambiguous language, and was clearly intended to appoint and authorize some attorney to represent defendant in the divorce proceedings. He knew that the space for the name of the attorney was left blank; he knew that his wife's attorney could not represent him in the contemplated divorce action; and he knew that he had just signed an agreement where he was exonerated from liability for all attorneys' fees. Knowing all these things he signed and acknowledged the instrument, left it in the possession of his wife's attorney, and did nothing further in the six days which intervened before the divorce proceeding was filed and heard. The clear intendment from the record is that defendant knew and expected Meersman to select an attorney and to insert his name in the instrument, and that defendant intended such attorney to have the authority to represent him. Drawing analogy to the doctrine of apparent authority which prevails in the law of agency, (See: ILP, Agency, § 112), it is our opinion that defendant is estopped to deny that DeWulf was invested with the authority to represent him in the divorce proceeding.

█ Although, as we have noted, there is no charge that the persons here involved were guilty of fraud or collusion, and we agree that this is so, it is apparent that the practice reflected by the record could open the door to fraud in the hands of attorneys and parties less scrupu-

lous. We therefore condemn it, most particularly the practice of causing the appointment of an attorney to be executed in blank, and suggest that the appointed attorney be one actually and personally designated by or consented to by the prospective defendant. Consistent with good practice, the appointee should be notified and indicate his acceptance before the appointment is executed.

For the reasons stated, the order of the Circuit Court of Rock Island County denying defendant's motion to vacate the divorce decree is affirmed.

Order affirmed.

ALLOY, P. J. and STOUDER, J., concur.