69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Milos J. JIRICKO, M.D., Plaintiff-Appellant,
v.
LAKIN & HERNDON, P.C., et al., Defendants-Appellees.
 No. 94-3344.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 15, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Milos J. Jiricko, M.D., sued his former employer for conversion, and the claim was dismissed without prejudice. Subsequently, Jiricko's attorneys received permission to withdraw, and Jiricko refused to hire new counsel. Six months later, his conversion claim was dismissed for want of prosecution. This court affirmed that dismissal in Jiricko v. Illinois Anesthesia, Ltd., Nos. 92-2613, 92-2682 (7th Cir. Aug. 27, 1993) (unpublished order), Now Jiricko has sued his former attorneys in this diversity legal malpractice suit for failing to pursue his conversion claim. The district court entered summary judgment for defendants. After having reviewed de novo the district court's grant of summary judgment in favor of defendants, we agree that no material factual disputes remain, and that as a matter of law, defendants are entitled to judgment. See Fed.R.Civ.P. 56(c).
 
 
 2
 A legal malpractice case requires proof of a duty owned by an attorney to a client. Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 383 (7th Cir.1995) (Illinois law); Zych v. Jones, 84 Ill.App.3d 647, 406 N.E.2d 70 (Ill.App.1980). In the underlying conversion claim, in January 1992--a full six months prior to the final dismissal--the defendant lawyers sought permission from the court to withdraw from representation of plaintiff. We have already held that there was nothing inappropriate about that withdrawal, Jiricko v. Illinois Anesthesia, and we will not repeat that discussion here. Thus, no attorney-client relationship existed, and defendants owed no duty to plaintiff in June 1992, at the time of the final dismissal of the conversion claim. The dismissal for want of prosecution resulted from plaintiff's own conduct, after numerous extensions and warnings, in refusing to either hire new counsel or file a pro se appearance. See Otis v. City of Chicago, 29 F.3d 1159, 1169 (7th Cir.1994) (en banc).
 
 
 3
 The July 1991 dismissal order did not use the technical legal phrase "without prejudice," but it specified in non-legalese that plaintiff could file an amended complaint:
 
 
 4
 Accordingly, defendants' motion to dismiss Count V of plaintiff's complaint is GRANTED, and Count V is DISMISSED. Plaintiff is granted thirty (30) days in which to file an amended complaint.
 
 
 5
 A dismissal under Fed.R.Civ.P. 12(b)(6) granting plaintiff the opportunity to amend the complaint is not final until the time to amend has passed. See Otis v. City of Chicago, 29 F.3d at 1165; Eberhardt v. O'Malley, 17 F.3d 1023, 1024 (7th Cir.1994). Plaintiff failed to either file an amended pleading, or request additional time.
 
 
 6
 Plaintiff also protests that he was not given notice and a hearing prior to the district court's ruling on defendants' motion for summary judgment. No hearing is required where the pleadings before the court demonstrate no genuine issue of material fact. Fed.R.Civ.P. 56. And a plaintiff hardly needs notice that the court is going to rule on a summary judgment motion when the plaintiff has filed responses and the motion remains pending before the court.
 
 
 7
 Normally we would end our discussion here.[2] However, plaintiff's continual usurpation of judicial resources, and the resources of defendants, generating reams of paper and hours of toil, compels us to add several comments. In the underlying conversion case dismissed for want of prosecution, from his attorney's court-approved withdrawal on January 2, 1992, to the suit's dismissal on June 24, 1992, Jiricko blatantly refused to either hire new counsel or file an appearance pro se. There is little question that he understood the proceedings. He is well-educated, a physician, and he wrote understandable (though ultimately meritless) pleadings, arguments, motions, and briefs, and he articulately presented his argument orally in the district court. Yet the deportment repeated itself in the present suit for legal malpractice. The district court again went to great lengths to explain procedural and substantive law to Jiricko, and to encourage him to hire an attorney in this legal malpractice suit. The court was forced to spend scarce resources on months of hearing one irrelevant motion after another, and was compelled to make repetitious explanations about pre-trial procedures, conversion, and malpractice. Jiricko is not a stranger to litigation. See Jiricko v. Coffeyville Memorial Hospital, 700 F.Supp. 1559 (D.Kan.1988), Jiricko v. Coffeyville Memorial Hospital, 628 F.Supp. 329 (D.Kan.1985). But Jiricko refuses to hear the free advice given to him by every judge who confronts these ineffective filings.
 
 
 8
 In the appeal in the underlying conversion case, we imposed sanctions against plaintiff for the filing of frivolous motions which we found replete with arguments that were "repetitious," "simply irrelevant," "mere semantics," "faulty," and "frivolous." We found that Jiricko, by his filings, had "multiplied the proceedings in this court unreasonably and vexatiously." Illinois Anesthesia, 1993 WL 326697 at * * 3-4.
 
 
 9
 Pursuant to Fed.R.App.P. 38, and Cir.R. 38, on the court's own motion we give plaintiff 14 days from the date of this decision to show cause why we should not impose sanctions on him for filing a frivolous appeal. Cf. Support Systems International, Inc. v. Mack, 45 F.3d 183 (7th Cir.1995) (per curiam).
 
 
 10
 The judgment of the district court is AFFIRMED. Further, it is ORDERED that plaintiff shall have fourteen days from the filing date of this order to respond to the court's rule to show cause.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff filed such a statement, which the court has considered. The appeal is submitted on the parties' briefs and the record
 
 
 [2]
 Having found no attorney-client relationship and thus no duty owed by defendants to plaintiff, we need not go on to discuss the fact that the conversion claim which Jiricko wanted defendants to refile had no merit, and thus any negligence by defendants in not refiling the claim could not have damaged Jiricko. See Havoco, 58 F.3d at 386 (discussing plaintiff's need to "recreate and litigate the action which was never filed"), quoting Nika v. Danz, 199 Ill.App.3d 296, 556 N.E.2d 873, 882 (1990). The district court attempted to explain to Jiricko the complexity of this "trial within a trial" in a legal malpractice case, even analogizing to Hamlet, but Jiricko paid no heed