SECOND DIVISION

MAY 16, 2000

1-99-3258 (consolidated with 1-99-3411)

ROBERT WARREN,  ) Appeal from the

  ) Circuit Court

Plaintiff-Appellee  ) of Cook County

  )

v.  )

  )

PHILIP B. WILLIAMS, AND THE  )

VILLAGE OF ROBBINS,  )

  ) 

Defendants, PHILIP B. WILLIAMS, ) 

Appellant.  )

-------------------------------------) No. 98 L 5216

PHILIP B. WILLIAMS,  )

  )

Cross-Plaintiff-Appellant  )

  )

v.  )

  )

THE VILLAGE OF ROBBINS, a Municipal  ) 

Corporation,  ) The Honorable 

  ) Leonard R. Grazian,

Cross-Defendant-Appellee.  ) Judge Presiding.

PRESIDING JUSTICE COUSINS delivered the opinion of the 

court:

The plaintiff, Robert Warren, brought this suit in contract and in tort for legal malpractice.  According to Warren, the defendant attorney, Philip B. Williams, filed an appearance for him in a federal civil rights action without telling him that he had undertaken to represent him.  Warren lost by default, as he discovered when his salary began to be garnished.  Warren filed this action alleging malpractice on the part of  Williams.  Williams filed a cross-complaint for indemnity against the municipality that was his employer.  The trial court ruled in favor of the Warren.  The court also ruled that the cross-defendant municipality was not required to indemnify Williams.

Williams now appeals arguing that the court erred in finding in favor of Warren because: (1) an attorney-client relationship never existed between him and Warren; and (2) even if a default judgment had not been entered against Warren, the finder of fact would have ruled against Warren on the merits.  Warren and Williams both contend that the trial court erred in denying Williams' cross-complaint for indemnity because indemnity was required by the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 
et
 
seq.
 (West 1996)).

BACKGROUND

In December 1987, the owner of a local tavern took two employees, Calvin Robinson and William Martin, to the police station in the Village of Robbins (the Village) because he considered them suspects in a break-in that had occurred at his establishment.  After bringing the employees to the station, the owner left to check up on their alibis. 

 The plaintiff, Robert Warren, was a lieutenant on the Village police force.  Warren talked with the employees while Dallas West, another police officer, went to run a computer check on them.  Upon returning, Officer West punched William Martin two or three times.  Martin later filed a federal civil rights suit against West, Warren and the Village under section 1983 of the federal Civil Rights Act. 42 U.S.C. §1983 (1994).

The defendant, Phillip B. Williams, was the Village attorney for Robbins at the time the suit was filed.  He entered an appearance for the three defendants in the United States District Court for the Northern District of Illinois.  Williams told the mayor that he would need to defend Warren and West in order to clear the Village of liability.  However, after Williams managed to get the complaint against the Village dismissed, he did not go on to represent Warren and West.  He did not file an answer for West or Williams until after a default judgment had already been entered against them.  He also did not appear at the prove up, at which Warren and West were assessed $40,000 in compensatory and punitive damages.

Warren said that the police chief had told him that if he were named in litigation arising from West's attack on Martin, the Village attorney would handle it.  He did not know that a lawsuit had occurred until his wages were garnished in order to satisfy the judgment.

Warren then filed this legal malpractice action against Williams, with one count in tort and one in contract.  Williams, in turn, filed a cross-complaint against the Village for indemnity.  After a bench trial, the trial court found in favor of the plaintiff and also ruled that the Village was not required to indemnify Williams.

Williams now appeals contending that the court erred in finding in favor of Warren because: (1) an attorney-client relationship never existed between him and Warren; and (2) even if a default judgment had not been entered against Warren, the finder of fact would have ruled against Warren on the merits.  Warren joins Williams in contending that the trial court erred in denying Williams' cross-complaint against the Village for indemnity because the Village was required to indemnify Williams under the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1-101 
et
 
seq.
 (West 1996)).

I

Williams argues that he cannot be guilty of malpractice toward Warren because he never contracted to represent Warren.  In order to prevail in a legal malpractice claim, a plaintiff must show the existence of an attorney-client relationship, a duty arising from that relationship, a breach of that duty, and actual damages proximately resulting from the breach.  
Thomas v. Sklodowski
, 303 Ill. App. 3d 1028, 1032, 709 N.E.2d 656, 658-59 (1999).  Williams notes that the attorney-client relationship is contractual in nature.  
Zych v. Jones
, 84 Ill. App. 3d 647, 651, 406 N.E.2d 70, 74 (1980).  Since Williams never discussed the case with Warren at all, much less contracted to represent him in it, Williams concludes that no attorney-client relationship existed.  Accordingly, he argues, the malpractice claim must fail because one of the elements is lacking.  We disagree.

"The lawyer-client relationship required is not necessarily a relationship between the lawyer and the plaintiff, since non-clients may be third party beneficiaries entitled to sue for malpractice." D. Dobbs, The Law of Torts 1386 n.16 (2000).  The Illinois Supreme Court has held that privity of contract is no longer an indispensable element of a legal malpractice claim.  
Pelham v. Griesheimer
, 92 Ill. 2d 13, 17-18, 440 N.E.2d 96, 99 (1982).  In our view, there was an attorney-client relationship between Williams and the Village in the instant case that resulted, in accordance with Rule 3.15 for the United States District Court for the Northern District of Illinois (N.D. Ill. Loc. Gen. R. 3.15 (eff. July 1, 1996)), when the attorney filed an appearance for plaintiff.

A legal malpractice claim may be based either in tort or in contract.  
Collins v. Reynard
, 154 Ill. 2d 48, 50, 607 N.E.2d 1185, 1186 (1992).  Warren brought his claim under both theories.  Assuming that the absence of a contract between him and Williams would defeat the malpractice claim under the contract theory, the tort theory could still be viable.  As a general matter, in a negligence action there must be a duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately resulting from the breach. 
Pelham
, 92 Ill. 2d at 18, 440 N.E.2d at 98.  An action for legal malpractice is not essentially different from any other action for ordinary nonprofessional negligence.  
Cook v. Gould
, 109 Ill. App. 3d 311, 314, 440 N.E.2d 448, 450 (1982).  In a legal malpractice action, the duty owed is one of competent representation of the plaintiff by the defendant, and the duty generally grows out of a contract between the two parties. D. Dobbs, The Law of Torts at 1397 (2000). While there was no contract between Warren and Williams in the instant case, we think that a duty of reasonable care was nevertheless imposed.  Rule 3.15 was the source of a legal duty upon Williams to provide professional care once he had appeared for Warren.

"Once an attorney has filed an appearance form pursuant to General Rule 3.14, [he/she] is the attorney of record for the party represented for all purposes incident to the proceeding in which the appearance was filed.  The attorney of record may not withdraw, nor may any other attorney file an appearance on behalf of the same party or as a substitute for the attorney of record, without first obtaining leave of court * * *." N.D. Ill. Loc. Gen. R. 3.15 (eff. July 1, 1996).

Decisions on this issue from courts in other jurisdictions provide guidance. "An attorney who enters an unauthorized appearance for a party is liable to the party for any damage sustained." 7 Am. Jur. 2d 
Attorneys at Law
 §219 (1997).  As one court explained:

"It is obvious that an attorney does not owe members of the general public the same duty which he owes to his client. [Citation.] However, in appropriate circumstances, an attorney is not exempt from the general principle that 'one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all.'" 
Security National Bank v. Lish
, 311 A.2d 833, 834 (D.C. 1973), quoting 
Glanzer v. Shepard
, 233 N.Y. 236, 239, 135 N.E. 275, 276 (1922).

According to Williams, however, this is not the rule in Illinois.  Williams cites 
Zych v. Jones
 for the proposition that an unauthorized appearance does not create a duty to the party on the part of the attorney.  In 
Zych
, the defendant allegedly entered an unauthorized appearance for the plaintiff, who then defaulted. The court held that lack of authorization for the appearance would defeat the malpractice claim.  "[S]ince an attorney has no right to appear as an attorney for another without the latter's authority [citation], the defendant's unauthorized act of entering an appearance did not create a duty to continue to appear as an attorney for the plaintiff although unauthorized."  
Zych
, 84 Ill. App. 3d at 651-52, 406 N.E.2d at 74.

We need not address the general question of whether an unauthorized appearance will always create a duty on the part of an attorney, since the instant case is distinguishable from 
Zych
 on its facts.  The critical difference between the instant case and 
Zych
 is Rule 3.15, which governed Williams' appearance for Warren.

Once Williams filed his appearance, he was Warren's attorney of record and the case could proceed.  In fact, Warren would not have been able to have any other attorney represent him in the case without prior leave of the court. 

Williams breached his duty to Warren, and damages proximately resulted.  Accordingly, in our view, the trial court's judgment was correct. 

II

In a legal malpractice action, the plaintiff is required to show that but for the attorney's negligence he or she would have been successful in the underlying action. 
Adams v. Sussman & Hertzberg, Ltd.
, 292 Ill. App. 3d 30, 33, 684 N.E.2d 935, 938 (1997).  In other words, the plaintiff must prove a "case within a case."  
Adams
, 292 Ill. App. 3d at 33, 684 N.E.2d at 938.

In his federal civil rights complaint, Martin alleged that both Warren and West beat him.  But Martin did not testify in this case.  The other tavern employee who was brought in, Robinson, did testify.  According to Robinson, Warren did not participate in the attack or do anything to encourage it or manifest any sort of approval of it.  Robinson testified that Warren appeared shocked when West hit Martin and did not have time to intervene before the attack was over.  Warren also testified on his own behalf that he did not hit Martin and that he tried to stop West.

The discrepancy between the complaint and the testimony is a factual matter.  The trial court found the witnesses' testimony to be credible, and we will not disturb that determination.  In light of the complete absence at trial of any evidence that Warren participated in or approved of the assault on Martin, the trial court's conclusion that Warren would have successfully defended the civil rights suit was well justified.

III

Next we consider the trial court's determination that the Village did not have a duty to indemnify Williams.  Warren and Williams both contend that the Village was required to do so under section 9-102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 10/9-102
 (West 1996)), which provides in pertinent part:

"A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."  745 ILCS 10/9-102 (West 1996).

It was the view of the trial court that this provision did not apply to Williams since he was not an employee for the purposes of the Act.  The Act defines "employee" as follows:

"'Employee' includes a present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated, but does not include an independent contractor." 745 ILCS 10/1-202 (West 1996).

The trial court found that Williams had been acting as an independent contractor.

Warren and Williams argue that Williams was not an independent contractor but an officer of the Village and thus entitled to protection as an employee under the Act.  Section 32.001 of the bylaws of the Village deals with the job of the Village attorney.  Robbins Municipal Code §32.001 (1931) Warren and Williams point out that the section is entitled "Office created; method of selection."  Thus, they contend, Williams was an officer.

Whether a person is an employee or an independent contractor depends on the facts of the particular case.  
Netzel v. Industrial Comm'n
, 286 Ill. App. 3d 550, 553, 676 N.E.2d 270, 272 (1997).  A determination of employee or independent contractor status will only be disturbed on appeal if it is against the manifest weight of the evidence.  
Netzel
, 286 Ill. App. 3d at 553, 676 N.E.2d at 272.  Many factors in the relationship of the parties are to be considered in making the decision, and no single one is determinative.  The most important factor is the right to control the manner in which the work is done.  
Wenholdt v. Industrial Comm'n
, 95 Ill. 2d 76, 81, 447 N.E.2d 404, 407 (1983). Others include the method of payment, the work schedule, the right to discharge, who provides the tools, materials or equipment, the skill required in the work to be done, whether the worker's occupation is related to that of the employer, and who deducts or pays for insurance, social security and taxes. 
Ragler Motor Sales v. Industrial Comm'n
, 93 Ill. 2d 66, 71, 442 N.E.2d 903, 905 (1982).

The fact that the Village bylaws refer to Williams' position as an office does not establish as a matter of law that he was not an independent contractor.  A court must look beyond labels to the realities of the relationship.  In 
Netzel
, for instance, the court found that a nurse was an employee despite fact that her contract said in effect that she was an independent contractor. 
Netzel
, 286 Ill. App. 3d at 552, 676 N.E.2d at 272.

In this case, the trial court's determination that Williams was an independent contractor was amply supported by the record.  Williams represented other clients besides the Village.  He was paid a retainer and then billed on an hourly basis on top of that.  He worked out of his own office and used his own equipment.  The Village did not control the manner or detail to be employed in connection with accomplishing any desired result. See 
Weinrob v. Heintz
, 346 Ill. App. 30, 40-41, 104 N.E.2d 534, 539 (1952) (attorney on retainer found to be an independent contractor). In light of these facts, we think the trial court's determination that the Village was not required to indemnify Williams was correct.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GORDON and McBRIDE, JJ., concur.