Pamela R. VARGA, Plaintiff,

v.

Donald H. RUMSFELD, Secretary, Department of Defense, Defense Finance and Accounting Service Agency, Defendant.

No. CIV.A. 00–K–1905.

United States District Court,
D. Colorado.

Sept. 26, 2001.

**1324**

Charlotte Noelle Sweeney, LaFond & Sweeney, LLC, Denver, CO, Beth Ann Faragher, Denver, CO, for Plaintiff.

Pamela R. Varga, Arvada, CO, pro se.

Mark S. Postal, U.S. Atty's Office, Denver, CO, for Dept. of Defense.

1. Defendant Rumsfeld will be referred to hereinafter as the DFAS.

2. The filing requirement, stated in EEOC Regulation 29 C.F.R. § 1614.106(b), applies to

## ORDER ON MOTION TO DISMISS

KANE, Senior District Judge.

In this action Plaintiff Pamela R. Varga, a former employee of the United States Defense Department's Defense Finance and Accounting Service Agency ("DFAS"), asserts claims against Secretary of Defense Donald H. Rumsfeld for discrimination by the DFAS in violation of the Rehabilitation Act, 29 U.S.C. §§ 791, 794, and for retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The DFAS[1] has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons stated below, I deny the motion.

### Standard of Review

■ DFAS asserts the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because Ms. Varga filed her formal discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") approximately two weeks after the regulatory deadline and thereby failed to exhaust her administrative remedies.[2] Exhaustion of administrative remedies is a jurisdictional prerequisite to suit in Rehabilitation Act and Title VII actions and, therefore, is an appropriate subject for resolution under Rule 12(b)(1). *See Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir.1996). The Supreme Court has held, however, that timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to suit in federal court. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Rather, an EEOC filing deadline is "like a statute of limitations ... subject to waiver, estoppel, and equitable tolling." *Id.* Accordingly,

employment discrimination claims brought pursuant to both Title VII and the Rehabilitation Act. *See* 42 U.S.C. § 2000e *et seq.;* 29 U.S.C. § 794a(a)(1).

DFAS' motion based on Ms. Varga's failure to meet the EEOC filing deadline is properly considered a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.

In the instant case, both parties submitted affidavits and other materials outside the pleadings in connection with DFAS' motion. While I am permitted to consider such material in deciding a Rule 12(b)(1) motion, I may not do so with respect to a Rule 12(b)(6) motion unless I treat it as one for summary judgment and dispose of it as provided in Rule 56. Fed.R.Civ.P. 12(b). As I have decided to consider these materials in deciding DFAS' motion, I will decide DFAS' motion as a motion for summary judgment. Because each party submitted extraneous material without objection to the other's submissions and with the expectation that I would consider these materials, the parties had a reasonable opportunity to present all materials pertinent to resolution of this matter as required by Rule 12(b). *See* Fed.R.Civ.P. 12(b); *David v. City and County of Denver,* 101 F.3d 1344 (10th Cir.1996) (notice required by Rule 12(b) may be "constructive" and submission of evidentiary materials by either or both parties may constitute sufficient notice).

Summary judgment is appropriate only if the evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, I must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma, ex. rel., Dep't of Mental Health and Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.1999).

**Background**

The following facts are not in dispute unless otherwise stated:

On May 6, 1997, Ms. Varga, then a DFAS employee, met with a counselor in the DFAS EEOC office to complain that her supervisor had discriminated against her because of a physical disability from a work-related accident. Ms. Varga also claimed the supervisor retaliated against her because of the disability and because she had successfully challenged a performance appraisal.

On that date, Ms. Varga completed a "Precomplaint Intake Form," which requests informal resolution of a discrimination complaint and is a prerequisite for a federal employee to file a formal EEOC complaint. The form's instructions stated an employee had the right to file a formal complaint if the dispute had not been resolved within thirty days of the employee's first interview with an EEOC counselor. The instructions also stated the employee was required to file a formal complaint within fifteen days of the employee's final interview with the EEOC counselor. The precomplaint form included a two-page list of complainant rights and responsibilities, which Ms. Varga acknowledged reading by initialing each paragraph. These included one stating, "You are obligated to provide written documentary evidence/information, *i.e.*[,] medical records .... Your failure to provide supporting written documentation may result in the dismissal of your formal complaint."

In a May 30, 1997, letter, the EEOC counselor asked Ms. Varga if she would agree to an extension of the thirty-day period for informally resolving her complaint. Ms. Varga agreed to the extension.

On July 18, 1997, the EEOC counselor notified Ms. Varga by letter that the final interview related to her complaint had

been conducted on July 17 and that she had the right to file a formal discrimination complaint with the EEOC within fifteen calendar days of receiving the notice. Ms. Varga received the letter on July 21, 1997. Based on this notice, discussions with the EEOC counselor and other sources, Ms. Varga knew the filing deadline for her formal complaint was August 5, 1997.

Affidavits submitted by the parties conflict with regard to what occurred on the August 5, 1997, filing deadline. According to Ms. Varga, she visited the DFAS EEOC office on August 5 with the intent of filing her formal complaint. She further avers the complaint was complete except for documentation of her disability from her physician, which the precomplaint form indicated was required to avoid dismissal of the claim.

Ms. Varga, accompanied by her mother, first stopped at the EEOC counselor's desk to obtain directions to the recently moved Human Resources Office. According to Ms. Varga, she told the counselor she would return to file her complaint and, in fact, did return after meeting with human resources personnel. During her second conversation with the EEOC Counselor on August 5, Ms. Varga said she told the counselor, "I have my formal complaint but I'm waiting for a note from [my doctor]." She testifies the EEOC counselor replied, "That's fine, bring it when you get it." Ms. Varga reports she interpreted this statement to mean the counselor was extending the complaint filing deadline until Ms. Varga could get a note from her doctor. Because this same EEOC counselor had extended the informal resolution period in May, Ms. Varga believed the counselor also had the authority to extend the formal complaint filing deadline.

In her affidavit, the EEOC counselor denies the second conversation occurred and denies making any statement indicating the formal complaint filing deadline had been extended.

Subsequent events are undisputed. Ms. Varga left the DFAS office on August 5 without filing her complaint. On August 15, she mailed her complaint, which DFAS received on August 18, 1997. The DFAS EEOC specialist acknowledged receipt of the complaint by letter, in which the specialist also asked Ms. Varga to explain why her complaint was filed after the fifteen-day deadline. Ms. Varga's then attorney responded to the EEOC specialist by explaining that the EEOC counselor had advised Ms. Varga she could file the complaint after the deadline and was required to attach all necessary medical records.

On October 17, DFAS dismissed Ms. Varga's complaint as untimely. Ms. Varga appealed the dismissal to the U.S. Equal Opportunity Commission ("Commission"), arguing the information she received from the EEOC counselor misled her into believing the August 5, 1997, deadline had been extended until she could obtain a letter from her doctor to attach to her complaint. In its decision on her appeal, the Commission acknowledged it had discretion under its regulations to waive or equitably toll the formal complaint filing time limit, which would have allowed Ms. Varga to proceed with her complaint. The Commission refused to toll the filing deadline, however, and, on October 27, 1998, affirmed DFAS' dismissal of Ms. Varga's complaint. On June 15, 2000, the Commission denied Ms. Varga's request for reconsideration. Ms. Varga then filed this action

### Discussion

It is undisputed Ms. Varga filed her EEOC complaint after the August 5, 1997, filing deadline. Ms. Varga argues she may nonetheless pursue this action because this deadline was equitably tolled as a result of the EEOC's actions.

■ Equitable tolling may be found "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is.actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *U.S. v. Clymore,* 245 F.3d 1195, 1199 (10th Cir.2001). Additional factors to consider include whether tolling the deadline involves an unreasonable or unnecessary delay, constitutes an attempt to revive a long stale claim or otherwise circumvent the statutory period at issue, or would result in any significant prejudice to the defendant if allowed. *Martinez v. Orr,* 738 F.2d 1107, 1112 (10th Cir.1984). Courts have also looked to whether the EEOC was aware, before the filing deadline, that the plaintiff intended to file a complaint and whether an EEOC official had apparent authority to extend the deadline. *See Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 616 (10th Cir.1988). In considering equitable tolling of an EEOC filing deadline, the Tenth Circuit has cautioned further, "The protections of Title VII were not intended only for the prudent, the savvy, or the legally trained ." *Martinez,* 738 F.2d at 1111; *see also Richardson v. Frank,* 975 F.2d 1433, 1436 (10th Cir.1991) ("procedural requirements of Title VII should not be allowed to become so formidable and inflexible as to preclude aggrieved employees from receiving relief from employment discrimination"). In all actions, the propriety of equitable tolling must be determined on a case-by-case basis. *Johnson v. United States Postal Serv.,* 861 F.2d 1475, 1481 (10th Cir.1988).

■ Ms. Varga has presented evidence, in the form of affidavits, that she was prepared to file her complaint when she went to the DFAS office on August 5, 1997. The EEOC counselor also admits she was aware of Ms. Varga's intent to file a formal complaint and spoke with Ms. Varga on August 5. However, Ms. Varga did not file her complaint that day, but placed it in the mail ten days later. Ms. Varga has submitted evidence that she failed to file her complaint on the August 5, 1997, deadline because statements by the EEOC counselor led her to believe the filing deadline had been extended until she could obtain a letter from her doctor, which the precomplaint form indicated was required to avoid dismissal of the formal complaint. Viewed in the light most favorable to Ms. Varga, this evidence establishes equitable tolling of the filing deadline.

Arguably, a trained lawyer or particularly prudent and savvy layperson might have recognized the inviolability of the fifteen-day deadline and, therefore, would have either interpreted the counselor's statement as applying only to the doctor's letter and not the complaint itself, or realized that the EEOC counselor did not have authority to extend the deadline. However, Ms. Varga, who reports she was accompanied only by her mother, perceived the counselor had the apparent authority to extend the formal complaint filing deadline in August, because the same counselor had extended the informal resolution deadline in May. I also note there is no evidence in the present record that Ms. Varga was attempting to circumvent the filing deadline when she failed to file her complaint on August 5, that the ten-day delay in filing was unreasonable or unnecessary or that DFAS would have suffered significant prejudice had it or the Commission tolled the filing deadline and allowed Ms. Varga to proceed with her claim.

The DFAS, of course, disputes Ms. Varga's account of the events on August 5, 1997, and has presented evidence that the EEOC counselor did not make the statements on which Ms. Varga claims she relied. Accordingly, there is a genuine issue of material fact as to whether the EEOC

actively misled Ms. Varga and thus as to whether the deadline was equitably tolled. Under these circumstances, the DFAS is not entitled to summary judgment based on Ms. Varga's failure to file her EEOC complaint by the August 5, 1997, deadline.

## Conclusion

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Dismiss, Docket # 19, which I have treated as a motion for summary judgment, is DENIED. Based on this decision, DFAS' motion to stay discovery, Docket # 18, is DENIED as moot.