**Anthony E. ALBERT and Richard T. Sandoval, Plaintiffs,**

v.

**William HENDERSON, Postmaster General, Defendant.**

**No. CIV.A. 00–K–1247.**

United States District Court, D. Colorado.

April 4, 2002.

John F.X. McBride, Attorney at Law, Denver, CO, for plaintiffs.

## MEMORANDUM OPINION
## AND ORDER

KANE, Senior District Judge.

In this Title VII action, Plaintiffs Anthony E. Albert and Richard T. Sandoval allege their former employer, the United States Postal Service ("USPS"), discriminated against them and other minorities by failing to provide adequate security measures at Denver's General Mail Facility ("GMF"). Defendant moves for summary judgment on the ground that Plaintiffs did not contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the date of the allegedly discriminatory matter as required by applicable regulations. For the reasons set forth below, I grant Defendant's motion.

### *BACKGROUND*

The following facts are undisputed for purposes of this motion unless otherwise stated:

This action arises from a hostage incident that took place at the GMF on December 24, 1997. On that date, David Jackson, a former Postal Service employee, entered the facility through an unsecured door and took seven USPS employees hostage. Plaintiffs worked as supervisors at the GMF, but were not among the hostages. They allege in their complaint, however, that they were Jackson's intended targets and that Jackson had made threats against both of them before the hostage incident. Although Plaintiffs reported Jackson's threats to USPS management, they allege Defendant failed to upgrade security at the GMF or to take other action to protect them from Jackson. Plaintiffs contend Defendant failed to take such action because they are Hispanic.

On December 11, 1998, nearly a year after the hostage incident, Plaintiffs filed a union grievance with the USPS in which they alleged USPS management had vio-

lated their civil rights and the USPS' Employee and Labor Relations Manual because management "purposely disregarded" their warnings about Jackson and failed to provide a safe working environment. Plaintiffs alleged in their grievance that USPS management acted in this manner "because these Supervisors [Plaintiffs] where [sic] Hispanic."

On February 23, 1999, Plaintiffs allege they learned for the first time that the USPS was aware of security deficiencies at the GMF before the December, 1997 hostage incident, but had not taken action to increase or upgrade security there. They further allege they learned then that during this same time period USPS had taken affirmative steps to upgrade security at postal facilities housing mostly white managerial employees. Plaintiffs claim the GMF houses mostly minority employees.

On March 31, 1999, Plaintiffs for the first time contacted an EEO counselor regarding the alleged discrimination at issue in this case. On July 7, 1999, Plaintiff Sandoval filed a class action EEO complaint on behalf of himself, Plaintiff Albert and similarly situated USPS employees in which he alleged the USPS "did not take seriously the safety concerns and reports of [the Plaintiffs] because they are Hispanic" and that the alleged failure to provide adequate security constituted race and sex discrimination. The USPS issued a Final Agency Decision on March 21, 2000, in which it dismissed the class action and individual complaint, based, among other things, on Plaintiffs' failure to contact an EEO counselor within 45 days of the occurrence of the alleged discriminatory event. Plaintiffs filed this action on June 16, 2000.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, I view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Simms v. Oklahoma ex rel. Dep't Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.1999). Although the movant must show the absence of a genuine issue of material fact, it need not negate the nonmovant's claim. *Id.* Once the movant carries this burden, the nonmovant cannot rest upon its pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward,* 125 F.3d 1341, 1347 (10th Cir.1997).

### B. Timeliness of Contact with EEO Counselor

■ The parties agree that resolution of Defendant's motion for summary judgment turns on whether Plaintiffs were timely in contacting an EEO counselor about the discrimination at issue in this action. As relevant here, the applicable regulation provides: "Aggrieved persons *who believe they have been discriminated against on the basis of race* ... must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter. An aggrieved person *must initiate contact with a Counselor within 45 days of the*

# 1174

*date of the matter alleged to be discriminatory.*" 29 C.F.R. § 1614.105(a), (a)(1) (emphasis added). This and other EEO deadlines are construed as statutes of limitation and as such are subject to waiver, estoppel and equitable tolling. *See Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir. 1995); *Varga v. Rumsfeld,* 172 F.Supp.2d 1323, 1324 (D.Colo.2001). EEO regulations recognize this by further providing that the 45–day period for contacting an EEO counselor is tolled in various circumstances, including, as relevant here, when the claimant "did not know and reasonably should not have known that the discriminatory matter ... occurred." *Id.* § 1614.105(a)(2).[1] Because the EEO deadline serves as a statute of limitation, a plaintiff who does not contact an EEO counselor within the time period prescribed by these regulations is barred from bringing suit on the matter.

▪ Plaintiffs first contacted an EEO counselor about the discrimination alleged in this case on March 31, 1999. Under the above cited regulations, therefore, the discriminatory act at issue must have occurred no later than February 14, 1999, 45 days before this date. In the alternative, under the tolling provision cited by Plaintiffs and described above, Plaintiffs' contact with the EEO counselor was timely if Plaintiffs did not know and reasonably should not have known before February 14, 1999 that a discriminatory act had occurred.

Plaintiffs concede that their claims arise from the December 24, 1997 hostage incident, *see* Pls.' Resp. at 1, and consequently do not dispute that the allegedly discriminatory action, Defendant's failure to heed Plaintiffs' warnings about Jackson and to provide a safe working environment, occurred long before February 14, 1999. They assert, however, that they did not have reason to know this action was discriminatory until February 23, 1999, when Plaintiffs first learned the USPS had a policy of upgrading security at facilities housing white USPS managers rather than facilities, such as the GMF, housing Plaintiffs and other minorities. Under Plaintiffs' theory, therefore, their 45 day period for contacting an EEO counselor did not begin to run until February 23, 1999, rendering their March 31, 1999 contact with the EEO counselor timely under the regulations.

Viewed in the light most favorable to Plaintiffs, the record does not support this theory or otherwise contain sufficient evidence to create a genuine issue of fact regarding when Plaintiffs had knowledge of the alleged discriminatory matter. In the grievance they filed on December 11, 1998, Plaintiffs specifically alleged that USPS management disregarded Jackson's threats against them and failed to provide a safe working environment because they were Hispanic. There can be no question under these circumstances that Plaintiffs "believe[d] they have been discriminated against on the basis of race" no later than December 11, 1998, *see* 29 C.F.R. § 1614.105(a), and therefore knew or reasonably should have known of the alleged discrimination by this date.[2] Accordingly,

---

1. Plaintiffs do not allege, and there is no evidence supporting, tolling of the 45–day period under the other circumstances stated in the regulation.

2. For a reasonable juror to find otherwise, he or she would have to find that Plaintiffs did not have a factual basis for alleging discrimination on the basis of race when they filed

their grievance to this effect on December 11, 1998. *See Johnson v. Runyon,* 47 F.3d 911, 920 (7th Cir.1995) (45 day contact period is tolled until "facts that would support a charge of discrimination ... are apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff."). There is no basis in the record or otherwise for a juror to

the 45–day period for contacting an EEO counselor regarding the alleged discrimination began to run no later than December 11, 1998, rendering Plaintiffs' March 31, 1999 contact untimely.

Plaintiffs maintain that the statements made in their grievance are of no consequence because the grievance only asserts that Defendant discriminated against them as individuals and does not speak to Defendant's alleged policy of discriminating against minorities by ignoring known security deficiencies at USPS facilities that house primarily minority employees. Plaintiffs' claims in this action, however, are grounded in their contention that Defendant "failed to respond [to Jackson's threats] with additional security measures because of Plaintiffs' minority status." Complaint, ¶ 20. That Plaintiffs may have learned in February, 1999 that this failure was the result of USPS policy rather than a decision specific to their circumstances does not change the fact that Plaintiffs believed as of December 11, 1998 that the failure to provide them with a safe working environment was the result of racial discrimination.

For the reasons stated above, Plaintiffs' initial contact with the EEO counselor on March 31, 1999 was untimely. Accordingly, Defendant's Motion for Summary Judgment is GRANTED, and summary judgment shall be entered for Defendant and against Plaintiffs in this action.

second-guess Plaintiffs' December 1998 statements of discrimination in this manner. Plaintiffs' declarations in their grievance es-

tablish that they knew of the Defendant's alleged discrimination no later than December 11, 1998.