Wheaton, et al. v. Suwana

(text box: 1) NO. 5-02-0693

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

LARRY WHEATON and )  Appeal from the

ELIZABETH WHEATON, )  Circuit Court of

)  Union County.

     Plaintiffs-Appellants, ) 

)

)  No. 01-L-6

)

M. STEVENS SUWANA, M.D., F.A.C.S., )  Honorable

)  Mark H. Clarke,

     Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

Larry and Elizabeth Wheaton initiated this lawsuit against M. Stevens Suwana, M.D., F.A.C.S., for alleged medical malpractice and resulting loss of consortium.  The suit was dismissed as untimely because Dr. Suwana was an employee of Union County Hospital District at the time of the medical actions at issue and that hospital district was a local public entity subject to the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 
et seq.
 (West 1998)) and its one-year statute of limitations.  Larry and Elizabeth Wheaton appeal from the trial court's October 2, 2002, order by which the trial court granted the defendant's motion to dismiss with prejudice.

I. FACTS

Larry Wheaton had an abscess necessitating medical treatment.  By the referral of his general practitioner, he sought out Dr. Suwana, who determined that the abscess needed to be removed.  Surgery was performed in the doctor's office on October 15, 1999. Complications developed in the form of an infectious process, and ultimately he presented himself at an emergency room in Cape Girardeau, Missouri, on October 18, 1999.  From this emergency room visit, he was admitted to the hospital, underwent "numerous" surgeries, and suffered a loss of a scrotum, a testicle, and some perineal skin.

At the time of the alleged malpractice, Dr. Suwana's office was located in an annex of the Union County Hospital.  Dr. Suwana was a paid salaried employee of the hospital, receiving medical and other employment benefits.  Nothing in the manner in which his office was decorated, or in the manner in which Dr. Suwana and his staff conducted themselves, revealed this employment relationship.  Dr. Suwana's prescription pad did not reveal this relationship.  Medical bills sent to Larry Wheaton were apparently sent by the hospital but listed Dr. Suwana as the provider.  

The medical malpractice suit was filed on March 23, 2001, more than one year following the alleged acts of medical malpractice.  

Larry and Elizabeth Wheaton contend that Dr. Suwana fraudulently concealed his relationship.  The Wheatons propose no motivation for this alleged fraud.  They argue that Dr. Suwana was an independent contractor, based upon the manner and method by which he conducted his practice and exercised his medical decisions, and that we should overlook the contractual relationship.

Dr. Suwana acknowledged in his deposition that his medical discretionary decisions were not guided by Union County Hospital.  In her deposition, the hospital administrator, Carol Goodman, agreed with Dr. Suwana's assessment of the hospital's level of control over his medical judgment and his medical actions or inactions.

In replying to the Wheatons' complaint, Dr. Suwana filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)).  On September 25, 2001, the trial court denied Dr. Suwana's motion to dismiss, finding that at that stage of the litigation process there was a question of fact about whether the alleged medical malpractice arose out of Dr. Suwana's claimed employment relationship with Union County Hospital.  

Discovery on this issue was conducted.  On January 18, 2002, Dr. Suwana filed his motion asking the trial court to reconsider its earlier denial of his motion to dismiss.  In this motion, he outlined what evidence had been discovered.  Union County Hospital District is a "local public entity" under the Act.  Larry Wheaton sought medical care from Dr. Suwana in his capacity as a medical doctor.  Dr. Suwana had an employment contract with Union County Hospital at the time of the alleged malpractice.  The Wheatons introduced no evidence to refute that the alleged malpractice occurred as a result of medical treatment Dr. Suwana rendered in his capacity as a hospital employee.  Because the trial court had originally concluded that a factual question existed about whether the actions at issue "arose out of" Dr. Suwana's employment relationship with the hospital, Dr. Suwana argued that evidence discovered since that original order supported his employment position.  His employment status was supported by his testimony, the testimony of the hospital administrator, his employment contract, and his federal W-2 statement for 1999.  In his testimony, Dr. Suwana stated that he had treated Larry Wheaton in his capacity as a hospital employee, that he did not have a private practice at that time, and that he did not treat patients except as a hospital employee.  In support of this argument, Dr. Suwana cited to a nearly identical federal court case against a different Union County Hospital employee physician, in which the federal court had concluded that this doctor was an employee and, given the hospital's public entity status, that the physician was covered under the one-year statute of limitations.

On October 2, 2002, the trial court concluded that the employment relationship was a valid one and that since Union County Hospital is a governmental entity, litigation filed against Dr. Suwana must comply with the one-year statute of limitations contained within the Act.  The trial court granted Dr. Suwana's motion for reconsideration, vacated the September 25, 2001, order denying Dr. Suwana's motion to dismiss, and granted Dr. Suwana's motion to dismiss, dismissing the Wheatons' complaint with prejudice.  The Wheatons appeal this order.

II. ANALYSIS

On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)), we must determine " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " 
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 109-10, 708 N.E.2d 1140, 1144 (1999) (quoting 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993)).  In other words, our review is 
de novo
.  
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 542, 680 N.E.2d 784, 789 (1997).

The Act contains two sections relevant to the facts of this case.  Specifically, section 8-101 of the Act provides, "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8-101 (West 1998).  For purposes of the Act, an employee is defined as "a present or former officer, member of a board, commission[,] or committee, agent, volunteer, servant[,] or employee, whether or not compensated, but does not include an independent contractor."  745 ILCS 10/1-202 (West 1998).

In the briefs and in the argument, an inference has been raised that what is at issue in this case is immunity.  There are numerous references to the Act, as if the trial court's dismissal of the Wheatons' complaint was a determination that Dr. Suwana was immune from suit.  That inference is erroneous.  Because of Dr. Suwana's employment status, at issue is whether he is covered by a one-year limitations period as opposed to the standard two-year limitations period.  The question is not whether he is immune from suit for medical malpractice.  The question is, During what time frame can he be sued?

The Illinois Supreme Court has already determined that the one-year limitations period of the Act applies to medical malpractice actions.  
Tosado v. Miller
, 188 Ill. 2d 186, 720 N.E.2d 1075 (1999); 
Ferguson v. McKenzie
, 202 Ill. 2d 304, 780 N.E.2d 660 (2001).

By a June 7, 1954, election, the Union County Hospital District was established.  A hospital district is a municipal corporation and, as such, can exercise governmental powers.  70 ILCS 910/15 (West 1998).  Consequently, because of the manner in which Union County Hospital is structured, it is entitled to the benefits of the Act.  See 
Carroll v. Paddock
, 199 Ill. 2d 16, 25-26, 764 N.E.2d 1118, 1124 (2002) (holding that a nonprofit hospital may not be a "local public entity" entitled to utilize the Act and its one-year limitations period if the hospital was not found to have conducted "public business").

A.  Independent Contractor or Employee

1.  
Analysis

Initially, the Wheatons argue that Dr. Suwana was really an independent contractor, not a hospital employee.  The Wheatons cite a couple of appellate decisions that are not entirely applicable to the facts of this case, because the courts do not interpret the Act but simply determine whether the claim against a State employee is actually a claim against the State, such that it would be improper for it to be heard outside of the Court of Claims.  
Madden v. Kuehn
, 56 Ill. App. 3d 997, 372 N.E.2d 1131 (1978); 
Watson v. St. Annes Hospital
, 68 Ill. App. 3d 1048, 386 N.E.2d 885 (1979).  The Court of Claims Act does not shield State employees from suits filed in the circuit courts unless the suit is construed as asserting a claim against the State or could subject the State to liability.  705 ILCS 505/8 (West 1998); 
Currie v. Lao
, 148 Ill. 2d 151, 159, 592 N.E.2d 977, 980 (1992).

The Wheatons argue that the hospital did not control Dr. Suwana's actions and that this failing means that Dr. Suwana cannot possibly be a hospital employee.  An independent contractor may or may not be an agent or employee and is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking."  Restatement (Second) of Agency §2 (1958).  A determination of the status as an employee or independent contractor requires the court to analyze the following factors:

The right of control.

The skill involved in the work contemplated.

The method of payment.

The work schedule.

The right to discharge.

Who provides the tools, materials, or equipment.

Whether the worker's occupation is related to that of the employer.

Who deducts or pays for insurance, social security, and taxes on the employee's behalf.

Warren v. Williams
, 313 Ill. App. 3d 450, 456, 730 N.E.2d 512, 518 (2000).  We will address each factor in determining whether the trial court properly concluded that Dr. Suwana was Union County Hospital's employee.

a.  Right of Control

The Wheatons argue that because the hospital acknowledged that it did not control the manner and method of Dr. Suwana's utilization of his medical judgment and his actual surgical actions, Dr. Suwana could not possibly be an employee.  The right of control is but one factor in this analysis, and courts really look at whether the "employer" maintained the right to control the "employee," as opposed to actually utilizing that power.  See 
Gunterberg v. B & M Transportation Co.
, 27 Ill. App. 3d 732, 738, 327 N.E.2d 528, 533 (1975).  Dr. Suwana's employment contract requires him to perform full-time surgical services for Union County Hospital, maintaining office hours five days of each week from 9 a.m. to 5 p.m., performing surgeries at all times requested by Union County Hospital medical staff, and being available for all on-call surgeries.  Union County Hospital required him to be accessible always by beeper or mobile phone, and if he planned on leaving the area, he needed to locate a physician who could cover for him.  He was required to live in Union County within a certain geographic range and be accessible by phone at that address.  Union County Hospital required him to maintain active membership in good standing on its staff and to abide by all the terms and provisions of the employee handbook and a regulatory ordinance.  The contract would not allow Dr. Suwana to bill for his own services, and he was ordered to comply with all necessary procedures in order to assist Union County Hospital in its quest to collect medical payments.   

The Wheatons suggest that in order for Dr. Suwana to be considered a hospital employee, he would need to obtain Union County Hospital's permission before reaching any medical decision.  By the very nature of the practice of medicine, this premise is off base.  Individuals engaged in highly skilled professions must largely utilize their own judgment in skill-based decisions.  Making independent medical decisions does not mean that the individual is precluded from being an employee simply because the employer did not specifically control every medical decision made by the employee.  Commentary regarding section 220 of the Restatement (Second) of Agency explains this concept:

"Even where skill is required, if the occupation is one which ordinarily is considered as a function of the regular members of the household staff or an incident of the business establishment of the employer, there is an inference that the actor is a servant.  Thus, highly skilled cooks or gardeners, who resent and even contract against interference, are normally servants if regularly employed.  So too, the skilled artisans employed by a manufacturing establishment, many of whom are specialists, with whose method of accomplishing results the employer has neither the knowledge nor the desire to interfere, are servants."  Restatement (Second) of Agency §220, Comment 
i
, at 489 (1958).

Furthermore, given the language of this particular employment contract, along with Dr. Suwana's testimony, we conclude that Union County Hospital did maintain the right to control Dr. Suwana.

b.  Skill of Work Involved

There is no dispute that the medical work of being a surgeon is highly skilled work.

c.  Method of Payment

Evidence introduced before the trial court conclusively established that Dr. Suwana was paid in a manner consistent with an employment relationship.

d.  Work Schedule

The work schedule is one that was created by the employer, Union County Hospital.

e.  Right to Discharge

The employment contract provided for a termination of the contract and also for Dr. Suwana's discharge under certain circumstances.  Additionally, the employee handbook for Union County Hospital employees, incorporated into the employment contract, provided additional circumstances under which employees could be terminated.  Clearly, Union County Hospital maintained the right to discharge Dr. Suwana. 

f.  Entity Providing Tools, Materials, or Equipment

The contract provided that the hospital would provide and supply Dr. Suwana with  "office space, equipment, personnel, supplies, and business management services."  Testimony established that his two employees were Union County Hospital employees.  There is no evidence to refute the fact that Union County Hospital solely provided Dr. Suwana's tools, materials, or equipment.  

g.  Relationship Between Employee's and Employer's Occupations

There is no argument contrary to the fact that Union County Hospital and Dr. Suwana are both engaged in the practice of providing health care services.  

h.  Who Deducts and/or Pays for Insurance, Social Security, and Taxes

The evidence in this case clearly established that insurance, social security, and taxes were all either funded or deducted by Union County Hospital on behalf of Dr. Suwana.

2.
  Independent Contractor or Employee: Conclusion

Our analysis of all the relevant factors to be considered on the issue of whether Dr. Suwana is an independent contractor or an employee of Union County Hospital supports Dr. Suwana's claim that he is a hospital employee.  The only issue about which there seems to be a dispute is whether or not the hospital controlled Dr. Suwana's medical decisions.  As we stated, the hospital can remain in control of an employee physician even if it does not control every medical detail of that physician's practice.  The nature of the profession could not support a contrary theory.

The Wheatons point to several factors that they claim establish that Dr. Suwana was an employee in name only, including the following:

There were no signs in the office that indicated his employment relationship.

Dr. Suwana and his staff wore no identification indicating his employment relationship.

The office was not directly inside the hospital building.

The hospital name was not listed on prescription forms.

Billing was not in the hospital's name but in Dr. Suwana's name.

While these are interesting facts about this case, none of these listed facts are factors to be considered in determining whether Dr. Suwana was an employee or an independent contractor.  Regarding the billing practices employed by Union County Hospital, it would appear that the charges are billed without an indication that the payee is the hospital.  While this fact might not matter to private-pay patients, that fact might be significant with respect to insurance companies with whom the hospital has contracted for service at an agreed-upon rate.  However, that issue is not before this court in this case.  The mere fact that the hospital bills Dr. Suwana's charges under his own name has no bearing on whether or not the hospital maintained the right to control Dr. Suwana.

We find that the hospital did maintain the right to control Dr. Suwana's work and that all of the other factors support a conclusion of employment.  We find that Dr. Suwana was an employee of Union County Hospital as of the date at issue.

B.  Estoppel

The Wheatons also contend that Dr. Suwana should be estopped from claiming that he is entitled to the benefits of the Act.  The argument advanced by the Wheatons involves the agency doctrine of apparent authority.  The Wheatons ask us to apply the doctrine to this case, but in a reverse manner.

Equitable estoppel occurs through a party's voluntary conduct by which he is precluded from asserting his rights against another who relied upon such conduct in good faith and was thereby induced to detrimentally change his position.  
Phillips v. Elrod
, 135 Ill. App. 3d 70, 74-75, 478 N.E.2d 1078, 1082 (1985) (citing 
Slavis v. Slavis
, 12 Ill. App. 3d 467, 473, 299 N.E.2d 413, 417-18 (1973)).

Equitable principles were applied in a medical setting in which a patient erroneously believed that a particular physician was a hospital employee.  
Gilbert v. Sycamore Municipal Hospital
, 156 Ill. 2d 511, 524-25, 622 N.E.2d 788, 795 (1993).  A patient died allegedly as a result of improper medical care he had received from a hospital emergency room physician.  
Gilbert
, 156 Ill. 2d at 517, 622 N.E.2d at 792.  The Illinois Supreme Court concluded that the doctrine of apparent authority could be applied in such cases, stating, "[A] hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital, regardless of whether the physician is an independent contractor, unless the patient knows, or should have known, that the physician is an independent contractor."  
Gilbert
, 156 Ill. 2d at 524, 622 N.E.2d at 795.  To hold a hospital liable under the doctrine of apparent authority, the plaintiff must establish that either the physician or the hospital acted in a manner which would lead a reasonable person to decide that the physician was a hospital employee, that the hospital knew of and assented to actions taken by the physician that created the appearance of an agency, and that the plaintiff reasonably took action in reliance upon conduct of either the hospital or the physician.  
Gilbert
, 156 Ill. 2d at 525, 622 N.E.2d at 795.  

The principal may act on a presumption that third persons dealing with the agent " 'will not be negligent in failing to ascertain the extent of his authority as well as the existence of his agency.' "  
General Refrigeration & Plumbing Co. v. Goodwill Industries of St. Louis, Missouri
, 30 Ill. App. 3d 1081, 1086, 333 N.E.2d 607, 611 (1975)
 
(quoting 3 Am. Jur. 2d 
Agency
 §78 (1962)).

The Wheatons urge us to adopt a reverse apparent authority theory in order to conclude that Dr. Suwana was not a hospital employee or agent.  No legal authority in support of a reverse apparent authority theory is cited, and we are not aware of any case similar to this one.  

Even if we concluded that such a theory was valid, we could not apply it to the facts of this case.  The Wheatons do not allege or argue that their choice in medical care was made because Dr. Suwana was an independent physician, instead of a hospital employee.  In other words, the Wheatons do not establish detrimental reliance.  They argue that they detrimentally relied upon his status in filing this untimely medical malpractice action.  We find that the reliance must be connected to the core of the case–to the medical malpractice at issue.  Whether the Wheatons' attorney was unable to determine how the suit should be structured and timed does not relate to the Wheatons' choice of physician to perform the surgery Mr. Wheaton required.  In a slip-and-fall example with property owned by a local governmental entity, if such a detrimental reliance theory was appropriate, then this entity could not rely upon the relevant limitations period if the plaintiffs sued the wrong property owner, only to discover the true ownership after the limitations period expired.  The plaintiffs could just claim that they detrimentally relied upon a business sign on the front door of the building as an excuse for failing to determine the actual owner of the property–the true tortfeasor.

C.  Equitable Tolling

Finally, the Wheatons argue that the statute of limitations should be equitably tolled.  Equitable tolling is a doctrine that "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing."  
Singletary v. Continental Illinois National Bank & Trust Co. of Chicago
, 9 F.3d 1236, 1241 (7th Cir. 1993).  Equitable tolling is deemed appropriate in situations where "the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum."  
Clay v. Kuhl
, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000).  

Clearly, the Wheatons did not assert their rights in the wrong forum.  Furthermore, we have reviewed the evidence and find no basis upon which to conclude that Dr. Suwana actively misled the Wheatons about his employment status.  No one asked him.  No one asked the hospital.  If either a Union County Hospital representative or Dr. Suwana had purposefully denied the employment relationship, we could accept that the Wheatons had been actively misled.  From the evidence before this court, we do not conclude that Dr. Suwana and/or Union County Hospital defrauded or intended to mislead the Wheatons about Dr. Suwana’s employment status.  Furthermore, we fail to see how the Wheatons were prevented from asserting their rights "in some extraordinary way."  The Wheatons fall back on the argument that Dr. Suwana's office bore no sign of his employment relationship, that he wore no appropriately designated name tag, that he wore no hospital uniform, and that his billings were under his own name.  None of these arguments come close to establishing an "extraordinary" occurrence that prevented the Wheatons from asserting their rights.  As all attorneys know, great care must be taken in approaching a lawsuit so that mistakes of this nature do not occur.  Unfortunately, the Wheatons did not reach out to an attorney for assistance until after the limitations period had expired.  

We do not find support for tolling the statute of limitations in this case.

III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Union County is hereby affirmed.

Affirmed.

HOPKINS, P.J., and DONOVAN, J., concur.

                                      NO. 5-02-0693

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

LARRY WHEATON and )  Appeal from the

ELIZABETH WHEATON, )  Circuit Court of

)  Union County.

     Plaintiffs-Appellants, ) 

)

v. )  No. 01-L-6

)

M. STEVENS SUWANA, M.D., F.A.C.S., )  Honorable

)  Mark H. Clarke,

     Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: July 15, 2003

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Terrence J. Hopkins, P.J., and

Honorable James K. Donovan, J.,

Concur

___________________________________________________________________________________

Attorney
 John Womick, Womick Law Firm, Chtd., 1100 W. Main Street, P.O. Box 1355,

for
 Carbondale, IL 62903

Appellants
 

___________________________________________________________________________________

Attorneys
 Michael F. Dahlen, Kara L. Jones, Feirich/Mager/Green/Ryan, 2001 West Main

for
 Street, P.O. Box 1570, Carbondale, IL 62903

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/15/03.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.