Wheaton, et al. v. Suwana

(text box: 1) NO. 5-02-0693

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

ELIZABETH WHEATON, Individually and as )  Appeal from the

the Special Administrator of the Estate of )  Circuit Court of

Larry Wheaton, Deceased, )  Union County.

)

     Plaintiff-Appellant, ) 

)

)  No. 01-L-6

)

M. STEVENS SUWANA, M.D., F.A.C.S., )  Honorable

)  Mark H. Clarke,

     Defendant-Appellee. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

Larry and Elizabeth Wheaton initiated this lawsuit against M. Stevens Suwana, M.D., F.A.C.S., for alleged medical malpractice and resulting loss of consortium.  The suit was dismissed as untimely because Dr. Suwana was an employee of Union County Hospital District at the time of the medical actions at issue and that hospital district was a local public entity subject to the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 
et seq.
 (West 1998)) and its one-year statute of limitations.  Larry and Elizabeth Wheaton appealed from the trial court's October 2, 2002, order by which the trial court granted the defendant's motion to dismiss with prejudice.  We affirmed in an opinion.  
Wheaton v. Suwana
, 341 Ill. App. 3d 929, 793 N.E.2d 978 (2003).  In a supervisory order, the Illinois Supreme Court directed us to vacate this judgment and to consider whether the amended section 8-101 of the Act (745 ILCS 10/8-101 (West Supp. 2003)) applied to this case.  
Wheaton v. Suwana
, 206 Ill. 2d 646, 799 N.E.2d 681 (2003).

I. FACTS

Upon the referral of his general practitioner, Larry Wheaton saw Dr. Suwana for the surgical removal of an abscess.  Surgery was performed in the doctor's office on October 15, 1999.  Larry Wheaton presented himself at a Cape Girardeau, Missouri, hospital's emergency room on October 18, 1999, with an infection.  From this emergency room visit, he was admitted to the hospital, underwent "numerous" surgeries, and suffered a loss of a scrotum, a testicle, and some perineal skin.

At the time of the alleged malpractice, Dr. Suwana's office was located in an annex of the Union County Hospital.  Dr. Suwana was a salaried employee of the hospital, receiving medical and other employment benefits.  Nothing in the manner in which his office was decorated, or in the manner in which Dr. Suwana and his staff conducted themselves, revealed this employment relationship.  Dr. Suwana's prescription pad did not reveal this relationship.  Medical bills sent to Larry Wheaton were apparently sent by the hospital but listed Dr. Suwana as the provider.  

The medical malpractice suit was filed on March 23, 2001, more than one year following the alleged acts of medical malpractice.  

Larry and Elizabeth Wheaton contended that Dr. Suwana fraudulently concealed his relationship.  The Wheatons proposed no motivation for this alleged fraud.  They argued that Dr. Suwana was an independent contractor, based upon the manner and method by which he conducted his practice and exercised his medical decisions, and that we should overlook the contractual relationship.

Dr. Suwana acknowledged in his deposition that his medical discretionary decisions were not guided by Union County Hospital.  In her deposition, the hospital administrator, Carol Goodman, agreed with Dr. Suwana's assessment of the hospital's level of control over his medical judgment and his medical actions or inactions.

In replying to the Wheatons' complaint, Dr. Suwana filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)).  On September 25, 2001, the trial court denied Dr. Suwana's motion to dismiss, finding that at that stage of the litigation process there was a question of fact about whether the alleged medical malpractice arose out of Dr. Suwana's claimed employment relationship with Union County Hospital.  

Discovery on this issue was conducted.  On January 18, 2002, Dr. Suwana filed his motion asking the trial court to reconsider its earlier denial of his motion to dismiss.  In this motion, he outlined the evidence that had been discovered.  Union County Hospital District is a "local public entity" under the Act.  Larry Wheaton sought medical care from Dr. Suwana in his capacity as a medical doctor.  Dr. Suwana had an employment contract with Union County Hospital at the time of the alleged malpractice.  The Wheatons introduced no evidence to refute that the alleged malpractice occurred as a result of medical treatment Dr. Suwana rendered in his capacity as a hospital employee.  Because the trial court had originally concluded that a factual question existed about whether the actions at issue "arose out of" Dr. Suwana's employment relationship with the hospital, Dr. Suwana argued that evidence discovered since that original order supported his employment position.  His employment status was supported by his testimony, the testimony of the hospital administrator, his employment contract, and his federal W-2 statement for 1999.  In his testimony, Dr. Suwana stated that he had treated Larry Wheaton in his capacity as a hospital employee, that he did not have a private practice at that time, and that he did not treat patients except as a hospital employee.  In support of this argument, Dr. Suwana cited to a nearly identical federal court case against a different Union County Hospital employee physician, in which the federal court had concluded that this doctor was an employee and, given the hospital's public entity status, that the physician was covered under the one-year statute of limitations.

On October 2, 2002, the trial court concluded that the employment relationship was a valid one and that since Union County Hospital is a governmental entity, litigation filed against Dr. Suwana must be in compliance with the one-year statute of limitations contained within the Act.  The trial court granted Dr. Suwana's motion for reconsideration, vacated the September 25, 2001, order denying Dr. Suwana's motion to dismiss, and granted Dr. Suwana's motion to dismiss, dismissing the Wheatons' complaint with prejudice. 

On appeal to this court, we affirmed.  On December 3, 2003, the Illinois Supreme Court directed us to vacate our judgment.  Sometime following the supreme court's supervisory order, Larry Wheaton passed away and his wife continued this suit as administrator of his estate.

II. ANALYSIS

On appeal from a trial court's involuntary dismissal of a complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)), we must determine " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " 
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 110, 708 N.E.2d 1140, 1144 (1999) (quoting 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 735 (1993)).  In other words, our review is 
de novo
.  
In re Estate of Mayfield
, 288 Ill. App. 3d 534, 542, 680 N.E.2d 784, 789 (1997).

The Act contains two sections relevant to the facts of this case.  Specifically, section 8-101 of the Act provided, "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8-101 (West 1998).  This is the version of the section that was in effect at the time that the trial court dismissed the suit and when we initially considered the appeal.  Subsequently, the section was amended, taking effect on June 4, 2003, and now provides, "No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first, but in no event shall such an action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death."  745 ILCS 10/8-101(b) (West Supp. 2003).  Furthermore, this amended statute provides, "The changes made by this amendatory Act of the 93rd General Assembly apply to an action or proceeding pending on or after this amendatory Act's effective date, unless those changes (i) take away or impair a vested right that was acquired under existing law or (ii) with regard to a past transaction or past consideration, create a new obligation, impose a new duty, or attach a new disability."  745 ILCS 10/8-101(d) (West Supp. 2003).  For purposes of the Act, an employee is defined as "a present or former officer, member of a board, commission[,] or committee, agent, volunteer, servant[,] or employee, whether or not compensated, but does not include an independent contractor."  745 ILCS 10/1-202 (West 1998).

By a June 7, 1954, election, the Union County Hospital District was established.  A hospital district is a municipal corporation and, as such, can exercise governmental powers.  70 ILCS 910/15 (West 1998).  Consequently, because of the manner in which Union County Hospital is structured, it is entitled to the benefits of the Act.  See 
Carroll v. Paddock
, 199 Ill. 2d 16, 25-26, 764 N.E.2d 1118, 1124 (2002) (holding that a nonprofit hospital may not be a "local public entity" entitled to utilize the Act and its one-year limitations period if the hospital was not found to have conducted "public business").

A.  Independent Contractor or Employee

1.  
Analysis

In the original briefs on appeal, the Wheatons argued that Dr. Suwana was really an independent contractor, not a hospital employee.  We readdress the argument.  The Wheatons cited a couple of appellate decisions that were not entirely applicable to the facts of this case, because the courts do not interpret the Act but simply determine whether the claim against a state employee is actually a claim against the state, so that it would be improper for it to be heard outside of the Court of Claims.  
Madden v. Kuehn
, 56 Ill. App. 3d 997, 372 N.E.2d 1131 (1978); 
Watson v. St. Annes Hospital
, 68 Ill. App. 3d 1048, 386 N.E.2d 885 (1979).  The Court of Claims Act does not shield state employees from suits filed in the circuit courts unless the suit is construed as asserting a claim against the state or could subject the state to liability.  705 ILCS 505/8 (West 1998); 
Currie v. Lao
, 148 Ill. 2d 151, 159, 592 N.E.2d 977, 980 (1992).

The Wheatons argued that the hospital did not control Dr. Suwana's actions and that this failing meant that Dr. Suwana could not possibly be a hospital employee.  An independent contractor may or may not be an agent or employee and is defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking."  Restatement (Second) of Agency §2, at 12 (1958).  A determination of the status as an employee or independent contractor requires the court to analyze the following factors:

a. The right of control.

b. The skill involved in the work contemplated.

c. The method of payment.

d. The work schedule.

e. The right to discharge.

f. Who provides the tools, materials, or equipment.

g. Whether the worker's occupation is related to that of the employer.

h. Who deducts or pays for insurance, social security, and taxes on the employee's behalf.

Warren v. Williams
, 313 Ill. App. 3d 450, 456, 730 N.E.2d 512, 518 (2000).  We will address each factor in determining whether the trial court properly concluded that Dr. Suwana was Union County Hospital's employee.

a.  Right of Control

The Wheatons originally argued that because the hospital acknowledged that it did not control the manner and method of Dr. Suwana's utilization of his medical judgment and his actual surgical actions, Dr. Suwana could not possibly be an employee.  The right of control is but one factor in this analysis, and courts really look at whether the "employer" maintained the right to control the "employee," as opposed to actually utilizing that power.  See 
Gunterberg v. B&M Transportation Co.
, 27 Ill. App. 3d 732, 738, 327 N.E.2d 528, 533 (1975).  Dr. Suwana's employment contract requires him to perform full-time surgical services for Union County Hospital, maintaining office hours five days of each week from 9 a.m. to 5 p.m., performing surgeries at all times requested by Union County Hospital medical staff, and being available for all on-call surgeries.  Union County Hospital required him to be accessible always by beeper or mobile phone, and if he planned to leave the area, he needed to locate a physician who could cover for him.  He was required to live in Union County within a certain geographic range and be accessible by phone at that address.  Union County Hospital required him to maintain active membership in good standing on its staff and to abide by all the terms and provisions of the employee handbook and a regulatory ordinance.  The contract would not allow Dr. Suwana to bill for his own services, and he was ordered to comply with all necessary procedures in order to assist Union County Hospital in its quest to collect medical payments.   

The Wheatons suggested that in order for Dr. Suwana to be considered a hospital employee, he would need to obtain Union County Hospital's permission before reaching any medical decision.  By the very nature of the practice of medicine, this premise is off base.  Individuals engaged in highly skilled professions must largely utilize their own judgment in skill-based decisions.  Making independent medical decisions does not mean that the individual is precluded from being an employee simply because the employer did not specifically control every medical decision made by the employee.  Commentary regarding section 220 of the Restatement (Second) of Agency explains this concept:

"Even where skill is required, if the occupation is one which ordinarily is considered as a function of the regular members of the household staff or an incident of the business establishment of the employer, there is an inference that the actor is a servant.  Thus, highly skilled cooks or gardeners, who resent and even contract against interference, are normally servants if regularly employed.  So too, the skilled artisans employed by a manufacturing establishment, many of whom are specialists, with whose method of accomplishing results the employer has neither the knowledge nor the desire to interfere, are servants."  Restatement (Second) of Agency §220, Comment 
i
, at 489 (1958).

Furthermore, given the language of this particular employment contract, along with Dr. Suwana's testimony, we conclude that Union County Hospital did maintain the right to control Dr. Suwana.

b.  Skill of Work Involved

There is no dispute that the medical work of being a surgeon is highly skilled work.

c.  Method of Payment

Evidence introduced before the trial court conclusively established that Dr. Suwana was paid in a manner consistent with an employment relationship.

d.  Work Schedule

The work schedule is one that was created by the employer, Union County Hospital.

e.  Right to Discharge

The employment contract provided for a termination of the contract and also for Dr. Suwana's discharge under certain circumstances.  Additionally, the employee handbook for Union County Hospital employees, incorporated into the employment contract, provided additional circumstances under which employees could be terminated.  Clearly, Union County Hospital maintained the right to discharge Dr. Suwana. 

f.  Entity Providing Tools, Materials, or Equipment

The contract provided that the hospital would provide and supply Dr. Suwana with  "office space, equipment, personnel, supplies, and business management services."  Testimony established that his two employees were Union County Hospital employees.  There is no evidence to refute the fact that Union County Hospital solely provided Dr. Suwana's tools, materials, or equipment.  

g.  Relationship Between Employee's and Employer's Occupations

There was no argument contrary to the fact that Union County Hospital and Dr. Suwana are both engaged in the practice of providing health care services.  

h.  Who Deducts and/or Pays for Insurance, Social Security, and Taxes

The evidence in this case clearly established that insurance, social security, and taxes were all either funded or deducted by Union County Hospital on behalf of Dr. Suwana.

2.
  Independent Contractor or Employee: Conclusion

Our analysis of all the relevant factors to be considered on the issue of whether Dr. Suwana is an independent contractor or an employee of Union County Hospital supports Dr. Suwana's claim that he is a hospital employee.  The only issue about which there seems to be a dispute is whether or not the hospital controlled Dr. Suwana's medical decisions.  As we stated, the hospital can remain in control of an employee physician even if it does not control every medical detail of that physician's practice.  The nature of the profession could not support a contrary theory.

The Wheatons originally pointed to several factors that they claim establish that Dr. Suwana was an employee in name only, including the following:

–There were no signs in the office that indicated his employment relationship.

–Dr. Suwana and his staff wore no identification indicating his employment relationship.

–The office was not directly inside the hospital building.

–The hospital name was not listed on prescription forms.

–Billing was not in the hospital's name but in Dr. Suwana's name.

While these are interesting facts about this case, none of these listed facts are factors to be considered in determining whether Dr. Suwana was an employee or an independent contractor.  Regarding the billing practices employed by Union County Hospital, it would appear that the charges are billed without an indication that the payee is the hospital.  While this fact might not matter to private-pay patients, that fact might be significant with respect to insurance companies with which the hospital has contracted for service at an agreed-upon rate.  However, that issue is not before this court in this case.  The mere fact that the hospital bills Dr. Suwana's charges under his own name has no bearing on whether or not the hospital maintained the right to control Dr. Suwana.

We find that the hospital did maintain the right to control Dr. Suwana's work and that all the other factors support a conclusion of employment.  We find that Dr. Suwana was an employee of Union County Hospital as of the date at issue.

B.  Statute of Limitations

Without respect to the exceptions to the amended statute, the medical malpractice action was filed within two years of the date of the original surgery and would therefore be timely.  At issue then is whether or not either exception applies to the facts of this case.  The statute provides for retroactive application to pending cases, so long as neither exception applies.

Generally, there is a two-prong test utilized by the United States Supreme Court and adopted by the Illinois Supreme Court to determine whether an amended statute applies to causes of action that accrued before and/or were pending when the statute was amended.  The first prong of the test is to review the statute's language for specific language of retroactivity.  
Commonwealth Edison Co. v. Will County Collector
, 196 Ill. 2d 27, 37, 749 N.E.2d 964, 970 (2001).  Second, if there is no language of retroactivity, the court must determine "whether applying the statute would have a retroactive impact, 
i.e.
, 'whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " 
Commonwealth Edison Co.
, 196 Ill. 2d at 38, 749 N.E.2d at 971 (quoting 
Landgraf v. USI Film Products
, 511 U.S. 244, 280, 128 L. Ed. 2d 229, 262, 114 S. Ct. 1483, 1505 (1994)).

The express language of the amended statute at issue provides for retroactivity so long as the changes do not take away a "vested right that was acquired under existing law" or create or impose a new obligation or duty.  745 ILCS 10/8-101(d) (West Supp. 2003).

Dr. Suwana argues that he maintains a vested interest in the expiration of the statute of limitations–that once the limitations period expired, he held a vested right which could not be abolished by the legislature.  He cites the case of 
Sepmeyer v. Holman
, 162 Ill. 2d 249, 642 N.E.2d 1242 (1994), in support of this position.  The issue in that case was essentially the same as the one with which we are faced–"whether the legislature may revive a time-barred tort claim brought by a crime victim against the victim's offender based on conduct for which the offender was convicted."  
Sepmeyer
, 162 Ill. 2d at 250, 642 N.E.2d at 1242.  The factual background of 
Sepmeyer 
is completely different from the facts of this case.  In 
Sepmeyer
, the defendant was convicted of the murder of Esther Sepmeyer, and the administrator of her estate filed a wrongful death suit.  The circuit court dismissed the complaint because the statute of limitations had expired.  This court reversed in reliance upon a legislative amendment to the statute of limitations (Pub. Act 87-941, §1, eff. August 28, 1992 (amending Ill. Rev. Stat. 1991, ch. 110, par. 13-202.1)), which explicitly revived time-barred claims against those convicted of murder or other serious felonies.  
Sepmeyer v. Holman
, 246 Ill. App. 3d 255, 615 N.E.2d 1387 (1993).  The statutory language at issue was quite plain in its intent: "[T]his Section shall be applied retroactively and shall revive causes of actions which otherwise may have been barred under limitations provisions in effect prior to the enactment and/or effect of [the act]."  735 ILCS 5/13-202.1(c) (West 1992).  The Illinois Supreme Court reversed, citing its "established line of cases that have found a defense based on the expiration of the statute of limitation to be a 'vested right' protected by the Illinois Constitution and beyond legislative interference."  
Sepmeyer
, 162 Ill. 2d at 253, 642 N.E.2d at 1244.  The court noted that it had uniformly held for more than 100 years that the legislature may not "breathe life into a time-barred claim."  
Sepmeyer
, 162 Ill. 2d at 254, 642 N.E.2d at 1244.  Additionally, the court noted that immunity from suit that arises from the expiration of a statute of limitation is a valuable substantive right.  
Sepmeyer
, 162 Ill. 2d at 255, 642 N.E.2d at 1245 (relying on 
Board of Education of Normal School District v. Blodgett
, 155 Ill. 441, 449, 40 N.E. 1025, 1027 (1895)).  Finally, the court recognized that its decision produced a harsh result, but the court stated: "That is, however, the nature of statutes of limitations.  ***  Our precedent has declared a vested defense based on the expiration of the statute of limitations to be protected by our due process clause and beyond legislative interference."  
Sepmeyer
, 162 Ill. 2d at 256, 642 N.E.2d at 1245.

Based upon established precedent, we must conclude that Dr. Suwana maintains a vested right in the expiration of the statute of limitations and that, despite this statutory amendment, the Wheatons' claim is time-barred.  We do not need to address Dr. Suwana's alternative argument regarding the second exception to the expanded limitations period.

III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Union County is hereby affirmed.

Affirmed.

DONOVAN, P.J., and HOPKINS, J., concur.

NO. 5-02-0693

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

ELIZABETH WHEATON, Individually and as )  Appeal from the

the Special Administrator of the Estate of )  Circuit Court of

Larry Wheaton, Deceased, )  Union County.

)

     Plaintiff-Appellant, ) 

)

)  No. 01-L-6

)

M. STEVENS SUWANA, M.D., F.A.C.S., )  Honorable

)  Mark H. Clarke,

     Defendant-Appellee. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: February 14, 2005

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn

Honorable James K. Donovan, P.J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorney
 John Womick, Womick Law Firm, Chtd., 501 Rushing Drive, Herrin, IL 62948

for
 

Appellant
 

___________________________________________________________________________________

Attorneys
 Michael F. Dahlen, Kara L. Jones, Feirich/Mager/Green/Ryan, 2001 West Main 

for
 Street, P.O. Box 1570, Carbondale, IL 62903-1570

Appellee
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 01/11/05.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.