No. 3--07--0757

Filed October 21, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| REBECCA THEDE, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Whiteside County, Illinois |
| | ) | |
| v. | ) | No.  03--AR--16 |
| | ) | |
| HELEN KAPSAS, | ) | |
| | ) | Honorable Stanley B. Steines, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:


Plaintiff Rebecca Thede sued defendant Dr. Helen Kapsas for medical malpractice.  The trial court granted Kapsas summary judgment on her affirmative defense that the suit was untimely.  Thede appeals.  We affirm.

BACKGROUND

Rebecca Thede engaged the services of Dr. Helen Kapsas to remove a mole from her shoulder.  She became a patient of Kapsas's, at the CGH Prophetstown Family Medical Center, after the only previous doctor in Prophetstown and a second doctor in

Sterling left private practice. Thede had been to see Kapsas at least five times before scheduling this surgery. She was aware that the clinic was operated by Community General Hospital of Sterling and that Kapsas had not independently billed her for services on previous occasions.

Thede and Kapsas intended this particular procedure to be an outpatient surgery conducted at the clinic. Kapsas gave Thede the choice of having the surgery seated or lying down; Thede chose to have the mole removed while seated. Kapsas administered a local anesthetic and proceeded to operate on Thede. During the surgery, Thede fainted and fell off the examination table, striking her face on a chair, breaking her front teeth and injuring her jaw and nose. Thede was then admitted to Community General Hospital for treatment of her injuries.

One year and eleven months after Thede was injured, she sued the hospital and Kapsas for malpractice. The complaint against Kapsas alleged that she was a hospital employee.[1] Kapsas

_____

[1] We recognize that this original complaint was nullified and withdrawn when Thede later filed her amended complaints against Kapsas. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 384, 665 N.E.2d 808, 811 (1996). However, the statements made in

2

admitted this allegation. Within two months, Thede amended her complaint for reasons unrelated to this appeal. She again alleged Kapsas was an employee of Community General Hospital.

The hospital moved for dismissal, establishing that it is a municipal corporation and personal injury suits against it were, at the time, subject to a one-year limitations period. 745 ILCS 10/8--101 (West 1998). The hospital's motion for dismissal was granted. Thede amended her complaint against Kapsas again, this time alleging that Kapsas was a physician in private practice and the applicable limitations period was two years.

Kapsas moved for summary judgment on the affirmative defense that she was a hospital employee, the applicable limitations period for her was also one year, and it had expired. The trial court first denied summary judgment because the limitations period for public employees accused of medical malpractice had recently been changed from one year to two years, and there was doubt about whether the old rule or the new rule applied. It was

---

the original and first amended complaints are relevant to our analysis of Thede's prayer for equitable relief. *Texas Eastern Transmission Corp. v. McCrate*, 76 Ill. App. 3d 828, 833, 395 N.E.2d 624, 628 (1979).

3

later determined that the one-year rule would apply if Kapsas was a hospital employee. Kapsas then asked the court to reconsider summary judgment. The trial court refused a second time, this time believing there was a genuine issue of material fact regarding whether Kapsas was an independent contractor and not protected by the one-year limitations period. Discovery was ordered. At the close of discovery, Kapsas made a second motion to reconsider summary judgment. The court granted summary judgment, finding there was no genuine question of material fact with respect to Kapsas's status as an employee of Community General Hospital.

ANALYSIS

Thede makes two claims on appeal. First, that the trial court erred in granting summary judgment because a genuine issue of material fact still exists regarding Dr. Kaspas's employment relationship with the hospital. Second, that the trial court erred by not giving Thede equitable relief from the statute of limitations.

We review trial court's decision to grant Kapsas's motion for summary judgment *de novo*. *Happel v. Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 185, 766 N.E.2d 1118, 1123 (2002). We review the trial court's decision to refuse equitable relief for the

4

abuse of discretion. *Babcock v. Martinez*, 368 Ill. App. 3d 130, 142-43, 857 N.E.2d 911, 921 (2006).

## I. Employment Relationship Between Defendant and Community General Hospital

The trial court found that Thede offered no evidence inconsistent with Kapsas's evidence establishing that she was an employee of Community General Hospital. Thede contends that both Kapsas's employment agreement and the universal consent form Thede signed create a genuine issue of material fact as to Thede's status as a hospital employee. We disagree.

Summary judgment is available to a defendant "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2--1005(c) (West 2006). Pleadings, depositions, admissions, and affidavits must be construed strictly against the movant and in favor of the opponent. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43, 809 N.E.2d 1248, 1257 (2004).

In February 2001, when Thede was injured, personal injury suits against municipal employees were subject to a one-year limitations period. 745 ILCS 10/8--101 (West 2002).

5

Accordingly, if Kapsas was an employee of Community General Hospital, Thede's suit is time-barred. *Tosado v. Miller*, 188 Ill. 2d 186, 196, 720 N.E.2d 1075, 1081 (1999). If Kapsas was an independent contractor, the one-year limitations period does not apply. 745 ILCS 10/1--202 (West 2006).

The nature of the relationship between a principal and an agent is a question of fact. *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 524, 622 N.E.2d 788, 795 (1993). Therefore, summary judgment would be inappropriate unless the evidence documenting the relationship between Kapsas and Community General Hospital is so clear as to be undisputed. *Scardina v. Alexian Brothers Medical Center*, 308 Ill. App. 3d 359, 363, 719 N.E.2d 1150, 1153 (1999). See *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d at 43, 809 N.E.2d at 1257. Thede could only rely upon her pleadings to create a question of material fact until Kapsas supplied facts that clearly entitled her to judgment as a matter of law. *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 737 N.E.2d 662 (2000).

Kapsas produced a copy of her employment agreement with Community General Hospital, as well as deposition testimony from herself and representatives of the hospital. Thede claims a genuine issue of material fact is created by a clause in Kapsas's

6

employment agreement and language in a consent form Thede signed. Thede asserts these items controvert Kapsas's evidence that Community General Hospital had a right to control Kapsas's work as a physician. See *Wheaton v. Suwana*, 355 Ill. App. 3d 506, 511-12, 823 N.E.2d 993, 997 (2005).

Whether a principal has a right to control the manner in which an agent works is the most important of eight factors in determining whether the agent is an employee or an independent contractor. *Warren v. Williams*, 313 Ill. App. 3d 450, 730 N.E.2d 512 (2000). *Wheaton,* 355 Ill. App. 3d at 511, 823 N.E.2d at 997 (all eight factors). At issue is not whether the principal exerts actual control, but whether the principal reserves the right to control the agent. *Gunterburg v. B & M Transportation Co.*, 27 Ill. App. 3d 732, 738, 327 N.E.2d 528, 533 (1975).

First, Thede argues Community General Hospital has no right to control Kapsas's work because the hospital bargained for the following language assigning it any income Kapsas earned for medically-related activities outside the scope of her employment at the hospital:

"6.  Outside Contract - Fees and Revenue belong to
CGH

Physician [Kaspas] shall not enter into any contract

7

utilizing or altering any of CHG's assets, nor shall she enter into any contract for the rendering of medical services to any third party.

All fees, billing and revenue generated or attributable to Physician's services in any way related to the practice of medicine and/or surgery, whether within or without CGH shall belong to CHG. This includes any renumeration [*sic*] received by Physician for outside medically-related activities. CGH may, at its sole discretion, grant exceptions to the outside income rule."

Thede asserts that this provision anticipates and approves of Kapsas practicing medicine without the hospital's supervision, and the portion of paragraph 6 appearing in Thede's brief could be read that way. But when the paragraph is taken as a whole, it restates Kapsas's fiduciary duties to the hospital and generally prohibits Kapsas from outside medical employment. See *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill. App. 3d 671, 683, 379 N.E.2d 1228, 1237 (1978); Restatement (Third) of Agency §§8.01 through 8.12 (2006). In context, paragraph 6 gives the hospital an express contractual right to disgorge any income Kapsas makes from moonlighting. *East Peoria Elevator Co. v. Geo. W. Cole Grain Co.*, 19 Ill. App. 2d 82, 94-

8

95, 153 N.E.2d 307 313-314 (1958); Restatement (Third) of Agency §8.02 (2006).

A trial court is not required to entertain unreasonable inferences raised in opposition to a motion for summary judgment. *Purdy Co. v. Transportation Insurance Co., Inc.*, 209 Ill. App. 3d 519, 527, 568 N.E.2d 318 322-23 (1991). The trial court was correct to conclude, as a matter of law, that paragraph 6 of Kapsas's employment agreement was not evidence creating a genuine issue of material fact regarding Kapsas's employment relationship with Community General Hospital.

Second, Thede argues the hospital's universal consent form is evidence that Kapsas was a contractor and not an employee. The form stated, "Physicians providing care are independent practitioners and are not employees or agents of CGH Medical Center." Patient consent forms are almost conclusive in determining a hospital's liability for an independent physician's malpractice. *York v. Rush-Presbyterian-St. Luke's Medical Center*, 222 Ill. 2d 147, 174, 854 N.E.2d 635, 650 (2006). A hospital can be found liable for the negligence of physicians it does not employ on a theory of apparent authority, if a plaintiff reasonably believed the physician was a hospital employee. *York*, 222 Ill. 2d at 197, 854 N.E.2d at 663.

9

Here, we are not dealing with the hospital's vicarious tort liability for a physician's decisions.  We are dealing with a state statute that depends solely on the actual employment relationship between Kapsas and Community General Hospital.  745 ILCS 10/1--202 (West 2006).  When an actual agency relationship exists, the principal cannot alter that relationship by denying it to a third party.  *Daniel Forbes Co. v. Leonard*, 119 Ill. App. 629 (1905); Restatement (Third) of Agency §§3.06, 3.10 (2006).  No language in any form given to Thede by Community General Hospital could turn Kapsas from an employee into an independent contractor.  In essence, Thede asks us to create a new theory of "*respondeat inferior*" where an agent becomes responsible for the acts of her principal.  We decline.  The trial court was correct to conclude, as a matter of law, that the consent form did not create a genuine issue of materal fact as to the nature of the employment relationship between Kapsas and Community General Hospital.

Finally, neither of these items supports an inference that Kapsas treated Thede while moonlighting as an independent physician.  Contrary to Thede's argument on this point, the provision of the employment agreement Thede offered as evidence expressly prohibited Kapsas from treating Thede independent of

10

Community General Hospital. The consent form Thede signed was prepared by the hospital, not Kapsas. The negligence of which plaintiff complains took place inside the four walls of Community General Hospital. There is simply no evidence to support the argument that there is a question of material fact regarding whether Kapsas treated Thede outside of her employment relationship with the hospital.

There is no genuine issue of material fact regarding the actual employment relationship between Kapsas and Community General Hospital, nor is there evidence supporting an argument that Kapsas was acting as an independent physician when Thede was in her care. The trial court correctly granted summary judgment in Kapsas's favor.

II. Equitable Extension of Limitations Period

Thede claims the trial court abused its discretion by not granting equitable relief from the statute of limitations. A trial court abuses its discretion only when no reasonable person could agree with its decision. *In re Marriage of Getautas*, 189 Ill. App. 3d 148, 544 N.E.2d 1284 (1989). For the reasons that follow, we find no abuse of discretion.

A defendant may be equitably estopped from asserting a particular defense, such as the statute of limitations, if the

11

defendant made a representation that would preclude exercising that defense and the plaintiff relied on the representation to her detriment. *Phillips v. Elrod*, 135 Ill. App. 3d 70, 74-75, 478 N.E.2d 1078, 1082 (1985). Here, the only representation denying that Kapsas was an employee of Community General Hospital was made by the hospital itself, not by Kapsas. The trial court did not abuse its discretion when it decided not to estop Dr. Kapsas from asserting the statute of limitations as a defense because of her employer's inconsistent conduct.

A limitations period may be equitably tolled "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000). Kapsas, not the hospital, is the defendant. There is no evidence that Dr. Kapsas misled anyone.

Thede argues that Kapsas had an affirmative duty to notice and correct the misstatement on the hospital-provided consent forms. Even an innocent misstatement by a defendant's agent can constitute actively misleading a prospective plaintiff and trigger the doctrine of equitable tolling. *Varga v. Rumsfeld*,

12

172 F. Supp. 2d 1323, 1327 (D. Colo. 2003). As we pointed out in the previous section, making an employee responsible for her employer's misstatement would stand the law of agency on its head.

The limitations period can be tolled against a defendant who did not mislead the plaintiff if the plaintiff faced an extraordinary barrier to asserting her rights in a timely fashion. Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence. *Griffin v. Willoughby*, 369 Ill. App. 3d 405, 415-16, 867 N.E.2d 1007, 1016 (2006).

Thede contends that she relied on the passage in the universal consent form stating that, "[p]hysicians providing care are independent practitioners and are not employees or agents of CGH Medical Center." Her assertion that but for the consent form, she would have timely filed suit against Kapsas is belied by the record. Thede filed suit against the hospital late as well. It is clear that plaintiff was simply unaware of the one-year limitations period for both Kapsas and the hospital.

In essence, equity calls for us to sometimes look beyond the letter of the law in order to effect a more just result. The

13

suit before us involves Kapsas and not Community General Hospital. We find no justice in tolling the statute of limitations against Kapsas because of a misrepresentation made by her employer. We note that in Thede's original complaint, she alleged an employer-employee relationship between Community General Hospital and Kapsas. She obviously was not misled. The only conclusion that can be drawn from the evidence is that Thede was unaware of the one-year limitations period, applicable to both the hospital and Kapsas. Had she sued the hospital within one year but waited to sue Kapsas, this would be another matter.

Again, we are talking about equity. We cannot find any equity in giving relief to a party, on the basis that the party claims to have relied on a misrepresentation, when the party's pleadings unmistakably demonstrate that there was no such reliance. We find no abuse of discretion.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

McDADE, P.J., and CARTER, J., concur.

14