NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014[*]
Decided October 27, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2067

| | |
|---|---|
| BILLY D. JACKSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 12 C 8478 |
| JESSE WHITE, Secretary of State of the | |
| State of Illinois, et al., | Ronald A. Guzmán, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Billy Jackson appeals from the dismissal of his suit under 42 U.S.C. § 1983 against the Secretary of State of Illinois and three of his employees, alleging that they violated his due process rights by cancelling his driving instructor's licenses with inadequate

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

process at his administrative proceeding. We conclude that Jackson's suit is barred by the two-year statute of limitations for § 1983 actions in Illinois, and affirm.

As set forth in his complaint, the allegations of which we accept as true for purposes of our review, *see Brumfield v. City of Chicago*, 735 F.3d 619, 622 (7th Cir. 2013), Jackson owned and operated Olympic Advanced Driving School and also taught driver training for four weeks at Hillcrest High School each summer. In July 2009, Jesse White, the Secretary of State of Illinois, cancelled Jackson's driving instructor's license and Olympic's driving-school license, citing provisions of the Illinois Administrative Code that authorized the Secretary of State to cancel the licenses of any person who was "*currently* . . . a teacher of a State-approved high school driver education program." ILL. ADMIN. CODE. tit. 92 §§ 1060.20(l), 1060.120(a)(17) (West 2009) (emphasis added). At an administrative hearing in August, a hearing officer determined that the cancellation of Jackson's licenses was proper, and Secretary White issued an order adopting the hearing officer's findings and affirming the cancellation of the licenses. Jackson sought judicial review in state court and succeeded in getting his licenses reinstated on grounds that he had not "currently" been teaching in a high school program when the cancellations occurred; his licenses had been cancelled six days after he last taught driver training at a high school. *See Jackson v. White*, No. 1-11-3254 (Ill. App. Ct. Sept. 24, 2012).

One month after the state appellate court ruling, in October 2012, Jackson filed this § 1983 suit against Secretary White, the hearing officer, and two state employees who testified at the hearing, alleging that his licenses had been wrongly revoked without due process. The defendants moved to dismiss the complaint, arguing that the claim was precluded by the state court's judgment, that the suit was time-barred by the two-year statute of limitations for § 1983 claims in Illinois, that each defendant had absolute immunity, and that White could not be sued for damages in his official capacity. The district court granted the defendants' motion to dismiss, agreeing that the suit against White in his official capacity was barred by sovereign immunity, that the administrative hearing officer was protected by absolute judicial immunity, and that the state employees who testified enjoyed absolute immunity as witnesses in an adversarial proceeding. The court rejected the preclusion argument and did not address whether the complaint was untimely.

On appeal, Jackson has abandoned his claim against Secretary White and challenges only the district court's rulings as to the hearing officer and witnesses. The appellees contend that the rulings are correct but maintain that the dismissal may also

be upheld on the alternative ground of untimeliness. We agree with the defendants that Jackson's complaint is barred by the two-year state of limitations for § 1983 actions in Illinois. *See* 735 ILCS 5/13-202; *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). Even though the district court did not address the issue, we may affirm the judgment on any ground supported in the record that has not been waived. *Ennenga v. Starns*, 677 F.3d 766, 777 (7th Cir. 2012). According to the state appellate court's decision (which Jackson attached to his complaint), Secretary White adopted the hearing officer's findings and affirmed the cancellation of Jackson's licenses on August 27, 2009. On that date Jackson's claim accrued because he knew or should have known that his constitutional rights had been violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). But Jackson did not file his § 1983 complaint until October 2012, more than three years later. And although Jackson urges that the statute of limitations for his § 1983 claim was tolled by his state-court action for judicial review, this is not a justification for tolling under Illinois law. *See Savory*, 469 F.3d at 673–74; *Thede v. Kapsas*, 897 N.E.2d 345, 351 (Ill. App. Ct. 2008).

AFFIRMED.